1  Ashleigh A. Danker (Bar Number 138419)
   Email address: adanker@kayescholer.com
2  KAYE SCHOLER LLP
   1999 Avenue of the Stars, Suite 1700
3  Los Angeles, California 90067
   Telephone: (310) 788-1000
4  Facsimile: (310) 788-1200

5  Attorneys for Secured Creditor
   Montecito Bank & Trust

6

7                  UNITED STATES BANKRUPTCY COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9                  SAN FERNANDO VALLEY DIVISION

10

11 In re                                )  Case No. 1:11-bk-13715-MT
                                        )
12 CENTER COURT PARTNERS, LLC,          )  Chapter 11
   Debtor and Debtor-in-Possession      )
13                                      )
                                        )
14                                      )  OBJECTION OF MONTECITO BANK &
                                        )  TRUST WITH RESPECT TO DEBTOR'S
15                                      )  DENIAL OF SINGLE ASSET REAL ESTATE
                                        )  STATUS UNDER 11 U.S.C § 101(51B);
16                                      )  DECLARATIONS OF ASHLEIGH A.
                                        )  DANKER AND DEBRA SMITH IN
17                                      )  SUPPORT THEREOF
                                        )
18                                      )  Date: May 26, 2011
                                        )  Time: 9:30 a.m.
19                                      )  Place: Courtroom 302
                                        )        United States Bankruptcy Court
20                                      )        21041 Burbank Blvd.
                                        )        Woodland Hills, CA 91367
21 _____ )

22

23

24

25

26

27

28

KAYE SCHOLER LLP

1    **TO THE HONORABLE MAUREEN A. TIGHE, UNITED STATES**

2    **BANKRUPTCY JUDGE, THE DEBTOR, AND OTHER PARTIES IN INTEREST:**

3    Montecito Bank & Trust (the "Bank") is the secured creditor with respect to the sole asset

4    of debtor in possession Center Court (sic) Partners, LLC (the "Debtor"), a two-story medical use

5    condominium building in Agoura Hills consisting of twenty-two (22) sellable or rentable units

6    constructed in 2008 for use as medical offices (the "Property"). The Debtor's only business is to

7    sell or lease the units, individually, or the building as a whole. On May 23, 2011 -- more than ten

8    (10) days late, the Debtor belatedly filed its Case Status Conference Report (the "Status Report")

9    and, for the first time and contrary to its earlier admissions in the case, took the position that it is

10   not a single-asset real estate ("SARE") debtor within the meaning of 11 U.S.C. § 101(51B) and

11   requested a deadline for filing a plan inconsistent with 11 U.S.C. § 362(d)(3), applicable to

12   SARE debtors. Status Report, p. 4, lines 18-20; p. 5, lines 24-26.

13   The Bank respectfully requests the Court to reject the Debtor's bad faith attempt to deny

14   its SARE status, find that the Debtor is a SARE debtor, and -- if the Court does not dismiss the

15   Debtor's case for the reasons set forth in the Bank's Statement (Docket No. 22) -- require the

16   Debtor no later than June 23, 2011 (90 days after the petition date) either to commence monthly

17   adequate protection payments of nondefault rate contract interest or file a plan of reorganization

18   that has a reasonable possibility of being confirmed within a reasonable time.

19

20   **THE DEBTOR IS A SINGLE ASSET REAL ESTATE DEBTOR UNDER 11 U.S.C.**

21   **§ 101(51B)**

22   The Debtor filed its bankruptcy petition on March 25, 2011. On the face page of its

23   petition, the Debtor checked the box under "Nature of Business" identifying itself as a single-

24   asset real estate ("SARE") debtor. A copy of the petition is attached hereto as **Exhibit A.** On

25   April 8, 2011, the Debtor filed an amended petition and again identified itself as a SARE debtor.

26   A copy of the Debtor's amended petition is attached hereto as **Exhibit B.**

27

28

KAYE SCHOLER LLP

23306906.DOCX

1    Counsel for the Bank attended the Debtor's Section 341(a) meeting of creditors on April

2    27, 2011 (the "341(a) Meeting").  At the 341(a) Meeting, Roger Meyer, the Debtor's managing

3    member, testified as follows:

4    Ashleigh Danker :    With respect to the property – is it one legal parcel or multiple

5    parcels?

6    Roger Meyer:    Multiple.

7    Ashleigh:    It's multiple parcels?  And they are continuous parcels?

8    Roger:    There are 22 legal parcels.

9    Ashleigh:    OK.  But they're contiguous parcels?  Correct?

10    Roger:    It's a single building.

11    Ashleigh:    It's a single project.  We heard you state that there are two tenants

12    and the amount of the combined rent is approximately $9,700.00 per month.  Does the Debtor

13    have any income aside from those rents?

14    Roger:    No.

15    Ashleigh:    Does the Debtor conduct any business on that property aside from

16    having those tenants there?

17    Roger:    No.

18    *See* **Exhibit C***,* transcript of 341(a) Meeting, page 9; Declaration of Ashleigh A. Danker

19    ("Danker Decl."), attached hereto, ¶ 3; Declaration Debra Smith, attached hereto, ¶ 2.

20    Following the 341(a) Meeting, counsel for the Debtor acknowledged to counsel for the

21    Bank that the Debtor is a SARE debtor.  Danker Decl., ¶ 4.

22    In the Status Report, the Debtor **admitted** that:

23

24    •    "Debtor Center Court Partners, LLC (CCP) is the developer/builder of the

25        building commonly known as Center Court Plaza, located at 29501 Canwood

26        Street, Agoura Hills, California.  This newly built (2008) Medical Use

27        Commercial Condominium building was constructed with the intended use as

        medical office or supportive medical services." Status Report, p. 1, lines 23-28.

28

KAYE SCHOLER LLP

- "The Building is comprised of twenty-two (22) separate units built as Medical Use Condominiums, eleven (11) per floor in a two (2) story building that sits atop a subterranean parking (Lower Level). The regular business of CCP is to sell or lease the Units separately or the Building in its entirety." Status Report, p. 2, lines 3-6.

Section 101(51B) provides the term "single asset real estate" means:

> real property constituting a single property or project, other than
> residential real property with fewer than 4 residential units, which
> generates substantially all of the gross income of a debtor who is not
> a family farmer and on which no substantial business is being
> conducted by a debtor other than the business of operating the
> property and activities incidental.

Here, the Debtor is the prototypical SARE debtor. Aside from its bare, unsupported assertion contained in the Status Report, the Debtor has not provided a scintilla of evidence that it conducts any meaningful business on the Property that would remove it from the scope of Section 101(51B). Accordingly, the Bank respectfully requests that the Court find that the Debtor is a SARE debtor and either dismiss the case for the reasons requested in the Statement or find that the Debtor is subject to the requirements of 11 U.S.C. § 362(d)(3).

Dated: May 23, 2011

KAYE SCHOLER LLP

By:   /s/ Ashleigh Danker
Ashleigh A. Danker
Attorneys for Montecito Bank & Trust

KAYE SCHOLER LLP

23306906.DOCX

## DECLARATION OF ASHLEIGH A. DANKER

I, Ashleigh A. Danker, declare as follows:

1.      I am a bankruptcy counsel at Kaye Scholer LLP ("Kaye Scholer"), counsel to secured creditor Montecito Bank & Trust (the "Bank"). I am one of the attorneys at Kaye Scholer with primary responsibility for the representation of the Bank. I have personal knowledge of the facts in this declaration and, if called as a witness, I could and would testify competently thereto. Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the motion to which this declaration is attached.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Debtor's petition filed on March 25, 2011. On April 8, 2011, the Debtor filed an amended petition. A true and correct copy of the Debtor's amended petition is attached hereto as **Exhibit B.**

3.      I attended the Debtor's 341(a) Meeting held on April 27, 2011 at the Office of the United States Trustee in Woodland Hills (the "OUST"). Following the 341(a) Meeting, I obtained a compact disk from the OUST containing the recording of the 341(a) Meeting. I subsequently requested Debra Smith, employed in the Document Services Department of Kaye Scholer, to transcribe the recording and provided her with a copy of the disk that I had received from the OUST containing the recording. Attached hereto as **Exhibit C** is a true and correct copy of the transcript of the 341(a) Meeting prepared by Ms. Smith.

4.      Following the 341(a) Meeting, I spoke with Martin Gross, counsel for the Debtor, by telephone and inquired whether the Debtor intended to dispute its status as a SARE debtor. Mr. Gross said the Debtor would not dispute its status as a SARE debtor. He acknowledged to me that the Debtor is a SARE debtor and asknowledged that the Debtor's principal, Roger Meyer, had made all of the admissions necessary to support such a finding at the 341(a) Meeting.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 23, 2011

Ashleigh A. Danker

4

23306906.DOCX

## DECLARATION OF DEBRA SMITH

I, Debra Smith, declare as follows:

1.      I am employed by Kaye Scholer LLP ("Kaye Scholer" or the "Firm"), counsel to secured creditor Montecito Bank & Trust (the "Bank"). I am the head of the Firm's Document Services Department in the Firm's Los Angeles office. I have personal knowledge of the facts in this declaration and, if called as a witness, I could and would testify competently thereto. Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the motion to which this declaration is attached.

2.      On or about May 19, 2011, Ashleigh Danker of Kaye Scholer gave me a compact disk which she identified as containing the recording of the Section 341(a) meeting of creditors for Centercourt Partners held on April 27, 2011 and asked me to prepare a written transcript of the recording. Ms. Danker provided me with spellings for certain proper names that I would hear on the recording. Attached hereto as **Exhibit C** is a true and correct copy of the transcript of the recording that I prepared from the compact disk given to me by Ms. Danker. The transcript is a true and accurate transcript of the recording of the 341(a) Meeting, except where I have noted otherwise in the transcript because I was not able to discern the words being spoken.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

Dated: May 23, 2011

_____
Debra Smith

23306906.DOCX

5

**EXHIBIT A**

B1 (Official Form 1) (4/10)

| **UNITED STATES BANKRUPTCY COURT**<br>Central District of California | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**CENTER COURT PARTNERS, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**NONE** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**NONE** | All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**36-4572211** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**29134 ROADSIDE DRIVE, STE#103<br>AGOURA HILLS , CA**<br>ZIP CODE: **91301** | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**LOS ANGELES COUNTY** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**29134 ROADSIDE DRIVE, STE#103<br>AGOURA HILLS, CA**<br>ZIP CODE: **91301** | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**29501 CANWOOD STREET, AGOURA HILLS, CALIFORNIA**    ZIP CODE: **91301** | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☑ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7    ☐ Chapter 15 Petition for<br>☐ Chapter 9        Recognition of a Foreign<br>☑ Chapter 11        Main Proceeding<br>☐ Chapter 12    ☐ Chapter 15 Petition for<br>☐ Chapter 13        Recognition of a Foreign<br>                    Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☑ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**FILED**

**MAR 2 5 2011**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

Exh. A 007

B1 (Official Form 1) (4/10)                                                                                   Page 2

| **Voluntary Petition** <br> *(This page must be completed and filed in every case.)* | Name of Debtor(s): <br> CENTER COURT PARTNERS, LLC |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location <br> Where Filed:  NONE | Case Number: | Date Filed: |
| Location <br> Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor <br> NONE | Case Number: | Date Filed: |
| District: <br> **Central District of California** | Relationship: | Judge: |

| **Exhibit A** <br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** <br> (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). <br><br> X _____ <br> Signature of Attorney for Debtor(s)    (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☑  No.

---

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐    Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

Exh. A 008

B1 (Official Form) 1 (4/10)                                                                    Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | CENTER COURT PARTNERS, LLC |

| Signatures | |
|---|---|

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b)

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

   _____
   Telephone Number (if not represented by attorney)

   _____
   Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

   _____
   (Printed Name of Foreign Representative)

   _____
   Date

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|

X *Rocky Ortega*
   Signature of Attorney for Debtor(s)
   ROCKY ORTEGA                    SBN 42580
   Printed Name of Attorney for Debtor(s)
   LAW OFFICE OF ROCKY ORTEGA
   Firm Name
   29134 ROADSIDE DRIVE, STE#107
   AGOURA HILLS, CA 91301
   Address
   408 667-4313
   Telephone Number
   03/25/11
   Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

| Signature of Debtor (Corporation/Partnership) | |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *Roger W. Meyer*
   Signature of Authorized Individual
   ROGER MEYER
   Printed Name of Authorized Individual
   MANAGING MEMBER
   Title of Authorized Individual
   03/25/11
   Date

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B 4 (Official Form 4) (12/07)

# UNITED STATES BANKRUPTCY COURT

### Central District of California

In re  CENTER COURT PARTNERS, LLC
               Debtor

Case No._____

Chapter  11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

     Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| | | SEE ATTACHED | | |

Date:  03/25/11

CENTER COURT PARTNERS
Debtor

*[Declaration as in Form 2]*

Exh. A 010

United States Bankruptcy Court
Central District of California
List of Unsecured Creditors – Attachment to Form B 4

1. Opal Meyer Survivor's trust
   3800 Beverly Ridge Drive
   Sherman Oaks, CA 91423
   Contact: Opal Meyer, Trustee (818)789-8909

2. City Lights Financial Express, Inc.
   29134 Roadside Drive, Ste#106
   Agoura Hills, CA 91301
   Contact: Joseph Miller, CEO (818)991-1310 x310

3. Johnson Mueller Architects
   1451-D Rice Avenue
   Oxnard, CA 93030
   Contact: Nils Johnson (805)983-7411

United States Bankruptcy Court
Central District of California
Master Mailing List – Attachment

1. Center Court Partners, LLC
   29134 Roadside Drive, Ste#103
   Agoura Hills, CA 91301

2. Rocky Ortega, Esq.
   29134 Roadside Drive, Ste #107
   Agoura Hills, CA 91301

3. United States Bankruptcy Trustee
   21041 Burbank Blvd # 1
   CA 91367-6608

Exh. A 012

4. Opal Meyer Survivor's Trust
   3800 Beverly Ridge Drive,
   Sherman Oaks, CA 91423

5. City Lights Financial Express, Inc.
   29134 Roadside Drive, Ste#106,
   Agoura Hills, CA 91301
   Attn: Joseph Miller, CEO

6. Johnson Mueller Architects
   1451-D Rice Avenue
   Oxnard, CA 93030
   Attn: Nils Johnson

7. Montecito Bank & Trust
   1000 State Street
   Santa Barbara, California 93101
   Attn: Rob Skinner

Exh. A 013

**EXHIBIT B**

Exh. B 0014

Official Form 1 (04/10)

| | | Case #: 1:11-bk-13715 |

**United States Bankruptcy Court**
**CENTRAL DISTRICT OF CALIFORNIA**

Voluntary Petition
Amended 05/02/2011

| Name of Debtor    (if individual, enter Last, First, Middle): <br> *Center Court Partners, LLC* | Name of Joint Debtor    (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years <br> (include married, maiden, and trade names): <br> *NONE* | All Other Names used by the Joint Debtor in the last 8 years <br> (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN <br> (if more than one, state all): *36-4572221* | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN <br> (if more than one, state all): |
| Street Address of Debtor    (No. & Street, City, and State): <br> *29134 Roadside Drive* <br> *Suite 103* <br> *Agoura Hills CA*     ZIPCODE *91301* | Street Address of Joint Debtor    (No. & Street, City, and State): <br><br><br> ZIPCODE |
| County of Residence or of the <br> Principal Place of Business: *Los Angeles* | County of Residence or of the <br> Principal Place of Business: |
| Mailing Address of Debtor    (if different from street address): <br> *SAME*     ZIPCODE | Mailing Address of Joint Debtor    (if different from street address): <br><br> ZIPCODE |
| Location of Principal Assets of Business Debtor <br> (if different from street address above): *29501 Canwood Street, Agoura Hills CA*     ZIPCODE *91301* | |

| Type of Debtor    (Form of organization) <br> (Check **one** box.) | Nature of Business <br> (Check one  box.) | Chapter of Bankruptcy Code Under Which <br> the Petition is Filed    (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors) <br> *See Exhibit D on page 2 of this form.* <br> ☒ Corporation (includes LLC and LLP) <br> ☐ Partnership <br> ☐ Other (if debtor is not one of the above <br> entities, check this box and state type of <br> entity below <br><br> ——————————————— | ☐ Health Care Business <br> ☒ Single Asset Real Estate as defined <br> in 11 U.S.C. § 101 (51B) <br> ☐ Railroad <br> ☐ Stockbroker <br> ☐ Commodity Broker <br> ☐ Clearing Bank <br> ☐ Other | ☐ Chapter 7 <br> ☐ Chapter 9 <br> ☒ Chapter 11 <br> ☐ Chapter 12 <br> ☐ Chapter 13 <br> ☐ Chapter 15 Petition for Recognition <br> of a Foreign Main Proceeding <br> ☐ Chapter 15 Petition for Recognition <br> of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity** <br> (Check box, if applicable.) <br> ☐ Debtor is a tax-exempt organization <br> under Title 26 of the United States <br> Code (the Internal Revenue Code). | **Nature of Debts**    (Check one box) <br> ☐ Debts are primarily consumer debts, defined <br> in 11 U.S.C. § 101(8) as "incurred by an <br> individual primarily for a personal, family, <br> or household purpose"        ☒ Debts are primarily <br> business debts. |

| | **Chapter 11 Debtors:** |
|---|---|
| | **Check one box:** <br> ☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D). <br> ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D). |

| Filing Fee    (Check one box) <br> ☒ Full Filing Fee attached <br> ☐ Filing Fee to be paid in installments (applicable to individuals only). Must <br> attach signed application for the court's consideration certifying that the debtor <br> is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A. <br> ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must <br> attach signed application for the court's consideration. See Offi cial Form 3B. | **Check if:** <br> ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts <br> owed to insiders or affiliates) are less than $2,343,300 (amount <br> subject to adjustment on 4/01/13 and every three years thereafter). <br> —————————————————————————— <br> **Check all applicable boxes:** <br> ☐ A plan is being filed with this petition <br> ☐ Acceptances of the plan were solicited prepetition from one or more <br> classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors. <br> ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for <br> distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000- <br> 5,000 | 5,001- <br> 10,000 | 10,001- <br> 25,000 | 25,001- <br> 50,000 | 50,001- <br> 100,000 | Over <br> 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to <br> $50,000 | $50,001 to <br> $100,000 | $100,001 to <br> $500,000 | $500,001 <br> to $1 <br> million | $1,000,001 <br> to $10 <br> million | $10,000,001 <br> to $50 <br> million | $50,000,001 <br> to $100 <br> million | $100,000,001 <br> to $500 <br> million | More than <br> $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to <br> $50,000 | $50,001 to <br> $100,000 | $100,001 to <br> $500,000 | $500,001 <br> to $1 <br> million | $1,000,001 <br> to $10 <br> million | $10,000,001 <br> to $50 <br> million | $50,000,001 <br> to $100 <br> million | $100,000,001 <br> to $500 <br> million | More than <br> $1 billion |

Exh. B 0015

Official Form 1 (04/10)                                                                                          FORM B1, Page  2

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>*Center Court Partners, LLC* |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years          (If more than two, attach additional sheet)

| Location Where Filed:<br>*NONE* | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor          (If more than one, attach additional sheet)

| Name of Debtor:<br>*NONE* | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11) | (To be completed if debtor is an individual whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☒ Exhibit A is attached and made a part of this petition | **X** |
| | Signature of Attorney for Debtor(s)                                    Date |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and exhibit C is attached and made a part of this petition.

☒ No

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
#### (Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
#### (Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

Official Form 1 (04/10)                                                              FORM B1, Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | *Center Court Partners, LLC* |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | (Check only one box.) |
| [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b) | ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. |
| I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X _____<br>Signature of Debtor | X _____ |
| X _____<br>Signature of Joint Debtor | (Signature of Foreign Representative) |
| _____<br>Telephone Number (if not represented by attorney) | _____<br>(Printed name of Foreign Representative) |
| _____<br>Date | _____<br>(Date) |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X */s/ Martin D. Gross*<br>Signature of Attorney for Debtor(s) | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110 (h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. |
| *Martin D. Gross 147426*<br>Printed Name of Attorney for Debtor(s) | |
| *LAW OFFICES OF MARTIN D. GROSS*<br>Firm Name | |
| *2001 Wilshire Blvd. Suite 205*<br>Address | |
| | _____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer |
| *Santa Monica CA  90403* | |
| *310  453  8320*<br>Telephone Number | _____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| _____<br>Date | |
| *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | _____<br>Address |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. | X _____ |
| The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. | _____<br>Date |
| X */s/ Roger Meyer*<br>Signature of Authorized Individual | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided |
| *Roger Meyer*<br>Printed Name of Authorized Individual | Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. |
| *Managing Member*<br>Title of Authorized Individual | If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. |
| _____<br>Date | *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

Exh. B 0017

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re *Center Court Partners, LLC*

Case No. *1:11-bk-13715*

Chapter   *11*

_____ / Debtor

## Exhibit "A" to Voluntary Petition

(If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.)

1. If any of debtor's securities are registered under section 12 of the Securities and Exchange Act of 1934, the SEC file number is _____ .

2. The following financial data is the latest available information and refers to the debtor's condition on _____ .

   a. Total assets                                              $    *25,019,347.00*
   b. Total debts (including debts listed in 2.c., below)       $    *15,203,000.00*

   c. Debt securities held by more than 500 holders.

| Debt Issue | Type | Total $ Amount Outstanding | Approximate Number of Holders |
|---|---|---|---|
|  |  | $ |  |
|  |  | $ |  |
|  |  | $ |  |
|  |  | $ |  |
|  |  | $ |  |

   d. Number of shares of preferred stock      *NONE*      *NONE*
   e. Number of shares of common stock         *NONE*      *NONE*

   Comments, if any:
   *NONE*

3. Brief description of debtor's business:
   *Commercial Real Estate*

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of the debtor:
   *Roger Meyer*
   *Karen Meyer*

# UNITED STATES BANKRUPTCY COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

In re *Center Court Partners, LLC*                                    Case No. *1:11-bk-13715*
                                                                      Chapter  *11*

_____ / Debtor

## STATEMENT REGARDING CORPORATE RESOLUTION

The undersigned Roger Meyer is Managing Member  of Center Court Partners, LLC, a CA corporation.  On 03/24/2005 the following resolution was duly adopted by the Controlling members of this corporation.

"WHEREAS, it is in the best interests of this corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code:

"NOW, THEREFORE, BE IT RESOLVED, that Roger Meyer, Managing Member  of this corporation, be and hereby is, authorized and directed to execute and deliver all documents necessary to perfect the filing of a Chapter 11 voluntary bankruptcy case in the United States Bankruptcy Court on behalf of the corporation; and

"BE IT FURTHER RESOLVED, that Roger Meyer, Managing Member  of this corporation, be and hereby is, authorized and directed to appear in all such bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform any and all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with said bankruptcy proceedings; and

"BE IT FURTHER RESOLVED, that Roger Meyer, Managing Member  of this corporation, be and hereby is, authorized and directed to employ Martin D. Gross, Attorney and the law firm of LAW OFFICES OF MARTIN D. GROSS, to represent the corporation in said bankruptcy proceedings."

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION

I, Roger Meyer, Managing Member  of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing resolution and it is true and correct to the best of my knowledge, information, and belief.

Date   04/07/2011_____          Signature   */s/ Roger Meyer*_____
                                                      Roger Meyer
                                                      Managing Member

Case 1:11-bk-13715-MT   Doc 37   Filed 04/08/11   Entered 04/08/11 12:07:50   Desc
Main Document   Page 1 of 1

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Number, and California State Bar Number<br>Roger Meyer<br>LAW OFFICES OF MARTIN D. GROSS<br>2001 Wilshire Blvd. Suite 205<br>Santa Monica , CA   90403<br>310 453 8320<br>☒ *Attorney for:*  Center Court Partners, LLC | FOR COURT USE ONLY |

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:  Center Court Partners, LLC,<br><br><br><br>Center Court Partners LLC<br><br>Debtor(s),<br><br>Plaintiff(s),<br><br>Defendant(s). | CASE NO.: 1:11-bk-13715<br><br>ADV. NO.:<br><br>CHAPTER: 11 |

# Corporate Ownership Statement Pursuant to
# F.R.B.P. 1007(a)(1) and 7007.1, and Local Bankruptcy Rule 1002-5

*Pursuant to F.R.B.P. 1007(a)(1) and 7007.1, and Local Bankruptcy Rule 1002-5, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report.  This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding.  A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.*

I, Roger Meyer _____, the undersigned in the above-captioned case, hereby declare
*(Print Name of Attorney or Declarant)*

under penalty of perjury under the laws of the United States of America that the following is true and correct:

**[Check the appropriate boxes and, if applicable, provide the required information.]**

1.     I have personal knowledge of the matters set forth in this Statement because:

☒   I am the president or other officer or an authorized agent of the debtor corporation

☐   I am a party to an adversary proceeding

☐   I am a party to a contested matter

☐   I am the attorney for the debtor corporation

2. a.   ☐   The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:

*[For additional names, attach an addendum to this form.]*

b.   ☒   There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

| | |
|---|---|
| /s/ Roger Meyer | 04/07/2011 |
| Signature of Attorney or Declarant | Date |
| Roger Meyer | LAW OFFICES OF MARTIN D. GROSS<br>2001 Wilshire Blvd. Suite 205<br>Santa Monica , CA   90403<br>310 453 8320         Fax:<br>Martin@lawgross.com |
| Printed Name of Attorney or Declarant<br>Bar #: | |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

April 2007

Exh. B 0020

B4 (Official Form 4) (12/07)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re  *Center Court Partners, LLC*

Case No.  *1:11-bk-13715*

Chapter  *11*

_____
                    Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Name of Creditor and Complete Mailing Address Including Zip Code | Name, Telephone Number and Complete Mailing Address, Including Zip Code, of Employee, Agent, or Department of Creditor Familiar with Claim Who May Be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim (If Secured Also State Value of Security) |
|---|---|---|---|---|
| 1 Roger Meyer 11 N Via Los Altos Newbury Park CA 91320 | Phone: Roger Meyer 11 N Via Los Altos Newbury Park CA 91320 | Loan | | $ 4,600,000.00 |
| 2 Opal Meyer Survivor's Trust 3800 Beverly Ridge Dr Sherman Oaks CA 91423 | Phone: Opal Meyer Survivor's Trust 3800 Beverly Ridge Dr Sherman Oaks CA 91423 | Loan | | $ 1,400,000.00 |
| 3 City Lights Financial Express, 29134 Roadside Dr, #106 Agoura Hills CA 91301 | Phone: City Lights Financial Express, 29134 Roadside Dr, #106 Agoura Hills CA 91301 | services | | $ 148,000.00 |
| 4 Los Angeles County Tax Collect Treasurer & Tax Collector 225 North Hill Street Los Angeles CA 90051-4818 | Phone: LA County Tax Collector 225 N Hill St Los Angeles CA 90051 | Property taxes | | $ 72,000.00 |
| 5 Johnson Mueller Architects 1451-D Rice Ave Oxnard CA 93030 | Phone: Johnson Mueller Architects 1451-D Rice Ave Oxnard CA 93030 | Services | | $ 65,000.00 |

P  Exh. B 0021

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| Name of Creditor and Complete Mailing Address Including Zip Code | Name, Telephone Number and Complete Mailing Address, Including Zip Code, of Employee, Agent, or Department of Creditor Familiar with Claim Who May Be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim (If Secured Also State Value of Security) |
|---|---|---|---|---|
| 6<br><br>Montecito Bank & Trust<br>1000 State Street<br>Santa Barbara CA   93101 | Phone:<br>Montecito Bank & Trust<br>1000 State Street<br>Santa Barbara CA   93101 | | Value:<br>Net Unsecured: | $ 8,918,000.00<br><br>$ 25,000,000.00<br>$ 0.00 |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION

I, _Roger Meyer_ , _Managing Member_ of the _Corporation_ named

as debtor in this case, declare under penalty of perjury that I have read the foregoing List of Creditors Holding Twenty Largest Unsecured Claims and that

they are true and correct to the best of my knowledge, information and belief.


Date: _4/8/2011_          Signature _/s/ Roger Meyer_

                    Name:  _Roger Meyer_

                    Title: _Managing Member_

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re *Center Court Partners, LLC,*

Case No. *1:11-bk-13715*
Chapter *11*

_____ / Debtor

Attorney for Debtor: **Martin D. Gross**

# LIST OF EQUITY SECURITY HOLDERS

| Number | Registered Name of Holder of Security | Number of Shares | Class of Shares, Kind of Interest |
|--------|----------------------------------------|------------------|-----------------------------------|
| *1* | *Karen Meyer* <br> *11 N Via Los Altos* <br> *Newbury Park CA 91320* | *8* | *Member* |
| *2* | *Roger Meyer* <br> *11 N Via Los Altos* <br> *Agoura Hills CA 91301* | *92* | *Member* |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Exh. B 0023

# DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION

I, *Roger Meyer*                          , *Managing Member*        of the *corporation*                    named as

debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that they are true and correct to the best of my knowledge, information and belief.


Date: *04/08/2011*                      Signature: */s/ Roger Meyer*

Name: *Roger Meyer*
Title: *Managing Member*

Exh. B 0024

| Party Name, Address and Telephone Number *(CA State Bar No. If Applicable)* | FOR COURT USE ONLY |
|---|---|
| Martin D. Gross<br>LAW OFFICES OF MARTIN D. GROSS<br>2001 Wilshire Blvd. Suite 20          Santa Monica , CA   9040<br>Phone: 310 453 8320<br>FAX:<br>California State Bar Number: 147426 | |

| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
|---|---|
| In re:  Center Court Partners, LLC,<br><br><br><br>                                                    Debtor | CHAPTER 11<br><br>CASE NUMBER: 1:11-bk-13715<br><br>*(No Hearing Required)* |

# VENUE DISCLOSURE FORM
## FOR CORPORATIONS FILING CHAPTER 11
### *(Required by General Order 97-02)*

*\*Attach additional sheets as necessary and indicate so in each section\**

1.      Specify the address of the principal office of the Debtor currently on file with the California Secretary of State (*from Form S0100, S0200, or S0300*):

29134 Roadside Drive, Suite 103, Agoura Hillls, CA 91301

2.      Specify the address of the principal office of the Debtor listed on the Debtor's most recent federal tax return:

29134 Roadside Drive, Suite 103, Agoura Hills, CA 91301

3.      Disclose the current business address(es) for all corporate officers:

29134 Roadside Drive, Suite 103, Agoura Hills, CA 91301

4.      Disclose the current business address(es) where the Debtor's books and records are located:

29134 Roadside Drive, Suite 103, Agoura Hills, CA 91301

---

*Rev. 12/99*  This form is required pursuant to General Order 97-02.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.          **VEN-C**

Exh. B 0025

Venue Disclosure Form for Corporations Filing Chapter 11 - *Page 2*                    **VEN-C**

| In re: | Center Court Partners, LLC, | | CHAPTER 11 |
|---|---|---|---|
| | | Debtor. | CASE NUMBER  1:11-bk-13715 |

5.    List the address(es) where the majority of the Debtor's assets are located based on a book value determination as set forth on the Debtor's most recent balance sheet:

29501 Canwood Street, Agoura Hills, CA 91301

6.    Disclose any different address(es) to those listed above within six months prior to the filing of this petition and state the reasons for the change in address(es):

N/A

N/A

7.    State the name and address of the officer signing this Statement and the relationship of such person to the Debtor *(specify)*:

Roger Meyer
29134 Roadside Drive, Suite 103, Agoura Hills, CA 91301
Managing Member of Center Court Partners, LLC and General Partner of DEBTOR

8.    Total number of attached pages of supporting documentation: _____

9.    I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on the ___7___ day of _____April_____, 20_2011_, at _____Santa Monica_____, California.

Roger Meyer
_____
*Type Name of Officer*

Managing Member of Center Court Partners, LLC
_____
*Position or Title of Officer*

/s/ Center Court Partners, LLC
_____
Center Court Partners, LLC

*Rev. 12/99*  This form is required pursuant to General Order 97-02.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.                    **VEN-C**

Exh. B 0026

**STATEMENT OF RELATED CASES**
**INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2**
**UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA**

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    NONE

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    NONE

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    NONE

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    NONE

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  Santa Monica _____, California.

Dated  04/07/2011 _____

/s/ Center Court Partners, LLC _____

*Debtor*  Center Court Partners, LLC

_____

*Joint Debtor*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 1015 2 1**

Exh. B 0027

B 201 - Notice of Available Chapters (Rev. 12/08)                                    USBC, Central District of California

Name:  Martin D. Gross

Address:  2001 Wilshire Blvd. Suite 205

Santa Monica , CA  90403

Telephone:  310 453 8320          Fax:

☑ Attorney for Debtor
☐ Debtor in Pro Per

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names, used by Debtor(s) within last 8 years:<br><br>Roger Meyer Managing Member forCenter Court Partners, Ll | Case No.:  1:11-bk-13715 |
| | **NOTICE OF AVAILABLE CHAPTERS**<br><br>(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code) |

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

1. **Services Available from Credit Counseling Agencies**

   **With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

   **In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

Exh. B 0028

B 201 - Notice of Available Chapters (Rev. 12/08)                                    USBC, Central District of California

**2.    The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

    **Chapter 7:  Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.
2. Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
3  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.
4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

    **Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**
1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.
2. Under chapter 13, you must file with the court  a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.
3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

    **Chapter 11:  Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

    **Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3.    Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

B 201 - Notice of Available Chapters (Rev. 12/08)

USBC, Central District of California

## Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____

Printed name and title, if any, of Bankruptcy Petition Preparer

Social Security number (If the bankruptcy petition Address: preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____

X_____

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

Roger Meyer Managing Member forCenter Court Partners, LLC
_____
Printed Name(s) of Debtor(s)

/s/ Roger Meyer, Managing Member   4-7-2011
_____
Signature of Debtor          Date

Case No. (if known) 1:11-bk-13715

X_____   4-7-2011
Signature of Joint Debtor (if any)   Date

Exh. B 0030

B6 Summary (Official Form 6 - Summary) (12/07)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re *Center Court Partners, LLC,*

Case No. *1:11-bk-13715*
Chapter *11*

_____ / Debtor

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data"if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | Yes | 1 | $ 25,000,000.00 | | |
| B-Personal Property | Yes | 3 | $ 19,347.00 | | |
| C-Property Claimed as Exempt | No | 0 | | | |
| D-Creditors Holding Secured Claims | Yes | 1 | | $ 8,918,000.00 | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 72,000.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $ 6,213,000.00 | |
| G-Executory Contracts and Unexpired Leases | Yes | 3 | | | |
| H-Codebtors | Yes | 1 | | | |
| I-Current Income of Individual Debtor(s) | No | 0 | | | $ 0.00 |
| J-Current Expenditures of Individual Debtor(s) | No | 0 | | | $ 0.00 |
| TOTAL | | 12 | $ 25,019,347.00 | $ 15,203,000.00 | |

Case 1:11-bk-13715-MT   Doc 8   Filed 04/08/11   Entered 04/08/11 12:07:50   Desc
Main Document     Page 33 of 93

B6 Summary (Official Form 6 - Summary) (12/07)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re *Center Court Partners, LLC,*

Case No. *1:11-bk-13715*
Chapter   *11*

_____ / Debtor

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C  § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $ |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

Exh. B 0032

Case 1:11-bk-13715-MT    Doc 8    Filed 04/08/11    Entered 04/08/11 12:07:50    Desc
Main Document    Page 20 of 46

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re _Center Court Partners, LLC,_ _____     Case No. _1:11-bk-13715_
                    Debtor                                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY ON BEHALF OF A CORPORATION

I, _Roger Meyer_ _____, _Managing Member_ _____ of the _Corporation_ _____
named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____13____ sheets,
and that they are true and correct to the best of my knowledge, information, and belief.


Date: _4/8/2011_ _____          Signature _/s/ Roger Meyer_ _____
                                           Name: _Roger Meyer_
                                           Title: _Managing Member_


[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]


Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Exh. B 0033

Case 1:11-bk-13715-MT   Doc 8   Filed 04/08/11   Entered 04/08/11 12:07:50   Desc
Main Document   Page 35 of 93

FORM B6A (Official Form 6A) (12/07)

In re  *Center Court Partners, LLC*                                                ,        Case No. *1:11-bk-13715*
_____
Debtor(s)                                                                            (if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| *Medical Building 29501 Canwood St Agoura Hills, CA 91301* | *Fee Simple* | | $ *25,000,000.00* | $ *8,918,000.00* |
| | | | | |

No continuation sheets attached                                   **TOTAL $**   *25,000,000.00*
(Report also on Summary of Schedules.)

Exh. B 0034

B6B (Official Form 6B) (12/07)

In re  *Center Court Partners, LLC*                                    ,          Case No. *1:11-bk-13715*
_____                                    _____
              Debtor(s)                                                                    (if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N o n e | Description and Location of Property | Husband–H Wife–W Joint–J Community–C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank account<br>Montecito Bank<br>Santa Barbara, CA<br>Location: In debtor's possession | | $ 2,003.00 |
| | | Bank account<br>1st California Bank xxx4632<br>Westlake<br>Location: In debtor's possession | | $ 16,144.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Utility deposit<br>Location: possession of utility company | | $ 1,200.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Page  1  of  3

Exh. B 0035

B6B (Official Form 6B) (12/07)

In re  _Center Court Partners, LLC_____,    Case No. _1:11-bk-13715_____
                Debtor(s)                                                  (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |

Page   2   of   3

Exh. B 0036

B6B (Official Form 6B) (12/07)

In re _Center Court Partners, LLC_____,     Case No. _1:11-bk-13715_____
                            **Debtor(s)**                                              (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Page __3__ of __3__                                         **Total** ➡         $ 19,347.00

(Report total also on Summary
Include amounts from any continuation sh            Exh. B 0037

Case 1:11-bk-13715-MT    Doc 87    Filed 04/08/11    Entered 04/08/11 12:07:50    Desc
Main Document    Page 25 of 46

B6D (Official Form 6D) (12/07)

In re _Center Court Partners, LLC_____,    Case No. _1:11-bk-13715_____
　　　　　　　　**Debtor(s)**　　　　　　　　　　　　　　　　　　　　　　　　(if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

　　　　State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

　　　　List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

　　　　If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

　　　　If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

　　　　Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number *(See Instructions Above.)* | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien  H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No.  *Creditor # : 1*  *Montecito Bank & Trust*  *1000 State Street*  *Santa Barbara CA 93101* | | *Medical Building*  Value: *$ 25,000,000.00* | | | | $ 8,918,000.00 | $ 0.00 |
| Account No. | | Value: | | | | | |
| Account No. | | Value: | | | | | |

No continuation sheets attached

|  | Subtotal $ (Total of this page) | $ 8,918,000.00 | $ 0.00 |
|---|---|---|---|
|  | Total $ (Use only on last page) | $ 8,918,000.00 | $ 0.00 |
|  | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

Exh. B 0038

B6E (Official Form 6E) (04/10)

In re _Center Court Partners, LLC_ _____,          Case No. _1:11-bk-13715_
                    **Debtor(s)**                                                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts NOT entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**      (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
   Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
   Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**
   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
   Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_1_    **continuation sheets attached**

Exh. B 0039

Official Form 6E (04/10) - Cont.

In re _Center Court Partners, LLC_ _____ ,    Case No. _1:11-bk-13715_
                     **Debtor(s)**                                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

Type of Priority for Claims Listed on This Sheet:    _Taxes and Certain Other Debts Owed to Governmental Units_

| Creditor's Name, Mailing Address Including ZIP Code, and Account Number *(See instructions above.)* | Co-Debtor | Date Claim was Incurred and Consideration for Claim | H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim | Amount Entitled to Priority | Amount not Entitled to Priority, if any |
|---|---|---|---|---|---|---|---|---|---|
| Account No:  *Creditor # : 1*  Los Angeles County Tax Collect  Treasurer & Tax Collector  225 North Hill Street  Los Angeles CA 90051-4818 | | *2010*  Property taxes  29501 Canwood Street,  Agoura Hills, CA | | | | | $ 72,000.00 | $ 72,000.00 | $ 0.00 |
| Account No: | | | | | | | | | |
| Account No: | | | | | | | | | |
| Account No: | | | | | | | | | |
| Account No: | | | | | | | | | |
| Account No: | | | | | | | | | |

Sheet No. _1_ of _1_ continuation sheets
attached to Schedule of Creditors Holding Priority Claims

|  |  | Amount of Claim | Amount Entitled to Priority | Amount not Entitled to Priority |
|---|---|---|---|---|
| **Subtotal $** *(Total of this page)* | | 72,000.00 | 72,000.00 | 0.00 |
| **Total $** *(Use only on last page of the completed Schedule E. Report total also on Summary of Schedules)* | | 72,000.00 | | |
| **Total $** *(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and* | | | 72,000.00 | 0.00 |

Exh. B 0040

B6F (Official Form 6F) (12/07)

In re _Center Court Partners, LLC_____,    Case No. _1:11-bk-13715___
                    **Debtor(s)**                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: <br> Creditor # : 1 <br> City Lights Financial Express, <br> 29134 Roadside Dr, #106 <br> Agoura Hills CA 91301 | | | 2010 <br> services <br> Unpaid Lease Commissions | | | | $ 148,000.00 |
| Account No:    309 <br> Creditor # : 2 <br> Johnson Mueller Architects <br> 1451-D Rice Ave <br> Oxnard CA 93030 | | | 2010 <br> Services <br> Contract Architect | | | | $ 65,000.00 |
| Account No: <br> Creditor # : 3 <br> Opal Meyer Survivor's Trust <br> 3800 Beverly Ridge Dr <br> Sherman Oaks CA 91423 | | | 2008 <br> Loan <br> July 2009-Oct 2010 | | | | $ 1,400,000.00 |
| Account No: <br> Creditor # : 4 <br> Roger Meyer <br> 11 N Via Los Altos <br> Newbury Park CA 91320 | | | 2006 <br> Loan <br> July 2006-Sept 2010 | | | | $ 4,600,000.00 |

No continuation sheets attached                                                          Subtotal $ | $ 6,213,000.00

                                                                                       Total $ | $ 6,213,000.00
(Use only on last sheet of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

Case 1:11-bk-13715-MT    Doc 87    Filed 04/08/11    Entered 04/08/11 12:07:50    Desc
Main Document    Page 43 of 93

B6G (Official Form 6G) (12/07)

In re *Center Court Partners, LLC*                                          / Debtor          Case No. *1:11-bk-13715*
                                                                                                              (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| *Aid Alert Security*<br>*10014 S. Westlake Bl #14*<br>*Westlake Village CA   91461* | Contract Type:*Security Service*<br>Terms: *$130/month*<br>Beginning date:<br>Debtor's Interest:<br>Description: *fire and elevator monitoring*<br>Buyout Option: |
| *American Janitorial Services*<br>*949 Camino Dos Rios*<br>*Thousand Oaks CA   91360* | Contract Type:*janitorial services*<br>Terms: *$165 MONTHLY*<br>Beginning date:<br>Debtor's Interest:<br>Description: *monthly janitorial services, $165/month*<br>Buyout Option: |
| *AT&T*<br>*PO Box 5001*<br>*Carol Stream IL   60197* | Contract Type:*Telephone services*<br>Terms: *Monthly $160*<br>Beginning date:<br>Debtor's Interest:<br>Description: *Telephonee Service*<br>Buyout Option: |
| *Dr. Pakula*<br>*29501 Canwood Street*<br>*Agoura Hills CA   91301* | Contract Type:*Commercial tenancy*<br>Terms: *5 year modified gross lease $5,914.30 monthly*<br>Beginning date:<br>Debtor's Interest:<br>Description: *tenant in medical office*<br>Buyout Option: |
| *Farmer's Insurance*<br>*1930 Ray Shire Street*<br>*Thousand Oaks CA   91362* | Contract Type:*Property Insurance*<br>Terms: *Bi yearly $4656*<br>Beginning date:<br>Debtor's Interest:<br>Description: *Property insurance*<br>Buyout Option: |

Doc 87    Filed 04/08/11    Entered 04/08/11 12:07:50    Desc
Main Document    Page 30 of 46

B6G (Official Form 6G) (12/07)

In re _Center Court Partners, LLC_ _____ / Debtor    Case No. _1:11-bk-13715_
                                                                        (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| JRM Equities<br>577 Corte Aguacate<br>Camarillo CA   93010 | Contract Type: _Property management_<br>Terms: _Monthly $2000 property management , $500 landscape_<br>Beginning date:<br>Debtor's Interest:<br>Description: _Property management and  landscape_<br>Buyout Option: |
| Lab West<br>29501 Canwood St<br>Agoura Hills CA   91301 | Contract Type: _Commercial tenancy_<br>Terms:  _5 year modified gross lease, $4,131.71_<br>Beginning date:<br>Debtor's Interest:<br>Description: _Tenant in medical office_<br>Buyout Option: |
| Las Virgenes Water District<br>4232 Las Virgenes Road<br>Calabasas CA   91302 | Contract Type: _Utilities_<br>Terms: _Monthly $800_<br>Beginning date:<br>Debtor's Interest:<br>Description:  _water and sewer_<br>Buyout Option: |
| Southern CA Edison<br>PO Box 300<br>Rosemead CA   91772 | Contract Type: _Utilities_<br>Terms: _Monthly $1200_<br>Beginning date:<br>Debtor's Interest:<br>Description: _Electrical_<br>Buyout Option: |
| Southern CA Gas Co<br>PO Box 30777<br>Los Angeles CA   90030-0086 | Contract Type: _Utilities_<br>Terms: _Monthly $500_<br>Beginning date:<br>Debtor's Interest:<br>Description: _Gas_<br>Buyout Option: |
| ThyssenKrupp Elevator Corp<br>949 Camino Dios Rios<br>Thousand Oaks CA   91360 | Contract Type: _Service contract_<br>Terms: _Monthly $680_<br>Beginning date:<br>Debtor's Interest:<br>Description: _Elevator Maintenance_<br>Buyout Option: |
| Vacco HVAC<br>4665 Ortega St<br>Ventura CA   93003 | Contract Type: _Service contract_<br>Terms: _Monthly $110_<br>Beginning date:<br>Debtor's Interest:<br>Description: _HVAC   service contract_<br>Buyout Option: |

Case 1:11-bk-13715-MT    Doc 8    Filed 04/08/11    Entered 04/08/11 12:07:50    Desc
Main Document    Page 31 of 48

B6G (Official Form 6G) (12/07)

In re _Center Court Partners, LLC_ _____ / Debtor    Case No. _1:11-bk-13715_

(if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| _Waste Management GI Ind_<br>_195 West Los Angeles Ave_<br>_Simi Valley CA   93065_ | Contract Type: _Service contract_<br>Terms: _Monthly $300_<br>Beginning date:<br>Debtor's Interest:<br>Description: _Sanitation services_<br>Buyout Option: |

Page ___   Exh. B 0044

Case 1:11-bk-13715-MT   Doc 8   Filed 04/08/11   Entered 04/08/11 12:07:50   Desc
Main Document      Page 46 of 93

B6H (Official Form 6H) (12/07)

In re **Center Court Partners, LLC** _____ / Debtor       Case No. __1:11-bk-13715__
                                                                          (if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preeceding the commencement of the case, identify the name of the debtors spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| | |

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re: *Center Court Partners, LLC,*                         Case No. *1:11-bk-13715*

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

---

**1. Income from employment or operation of business**

None  ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                      SOURCE

Year to date: *$40,184.04*          *2011 Gross Rental Income*
   Last Year: *$119,878*          *2010 Gross Rental Income*
Year before: $

---

**2. Income other than from employment or operation of business**

None  ☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 3. Payments to creditors

None  Complete a. or b., as appropriate, and c.
☒
a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None  b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the
☒     commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filingunder chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None  c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or
☒     were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None  a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.
☐     (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *Center Ct v. Montecito Bank LC092694* | *Breach of Contract/Warranty* | *Los Angeles Superior Court, Van Nuys* | *Pending* |

None  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the
☒     commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 5. Repossessions, foreclosures and returns

None  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller,
☒     within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 6. Assignments and receiverships

None  a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married
☒     debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Form 7 (04/10)

---

None ☒   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 7. Gifts

None ☒   List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 8. Losses

None ☒   List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 9. Payments related to debt counseling or bankruptcy

None ☐   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: Martin D. Gross* <br> *Address:* <br> *2001 Wilshire Blvd. Suite 205* <br> *Santa Monica, CA 90403* | *Date of Payment:* <br> *Payor: Center Court Partners, LLC* | *2000* |

---

### 10. Other transfers

None ☒   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☒   b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

### 11. Closed financial accounts

None ☐   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Statement of Affairs - Page 3

Exh. B 0048

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| *Institution: Montecito Bank Address:  1010 State Street, Santa Barbara, CA 91301* | *Account Type and No.:* *1)   Closed Business Checking-0708* *Final Balance:  $2428* *2)   Closed Interest Rerserve Checking Final Balance $392* | *3/31/2011* *10/18/2010* |

---

### 12. Safe deposit boxes

None ☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 13. Setoffs

None ☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 14. Property held for another person

None ☒

List all property owned by another person that the debtor holds or controls.

---

### 15. Prior address of debtor

None ☒

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

---

### 16. Spouses and Former Spouses

None ☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

### 17. Environmental Information

None ☒

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar termunder an Environmental Law:

Form 7 (04/10)

Case 1:11-bk-13715-MT   Doc 27   Filed 05/23/11   Entered 05/23/11 17:17:56   Desc
Case 1:11-bk-13715-MT   Doc 8   Filed 04/08/11   Entered 04/08/11 12:07:50   Desc
Main Document   Page 37 of 46
Main Document   Page 51 of 93

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| None | |
|---|---|
| ☒ | b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice. |

| None | |
|---|---|
| ☒ | c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number. |

**18. Nature, location and name of business**

| None | |
|---|---|
| ☒ | a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case |

       If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses     in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencment of this case.

       If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses     in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencment of this case.

| None | |
|---|---|
| ☐ | b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101. |

| NAME | ADDRESS |
|---|---|
| *Canwood Plaza Medical Office Building* | *29501 Canwood Street, Agoura Hills, CA 91301* |

       The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

       (An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.   A debtor who has not been in business within those six years should go directly to the signature page.)

**19. Books, records and financial statements**

| None | |
|---|---|
| ☐ | a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor. |

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| *Name:  Douglass Hill, for tax preparation* | *Dates: 3/11/2011* |

Statement of Affairs - Page 5

Case 1:11-bk-13715-MT   Doc 8   Filed 04/08/11   Entered 04/08/11 12:07:50   Desc
Main Document   Page 52 of 93

Form 7 (04/10)

NAME AND ADDRESS

DATES SERVICES RENDERED

*Address:  1800 Ventura Bl, Camarillo, CA 93010*

---

**None**
☒

b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

---

**None**
☐

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME

ADDRESS

*Name:  Roger Meyer*

*11 N. Via Los Altos*
*Newbury Park, CA 91320*

---

**None**
☐

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

NAME

ADDRESS

DATES ISSUED

*Montecito Bank and*
*Trust, Inc.*

*1010 State Street*
*Santa Barbara, CA 91301*

*Dates: Open*
*Disclosure*

---

**20. Inventories**

**None**
☒

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

---

**None**
☒

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

---

**21. Current Partners, Officers, Directors and Shareholders**

**None**
☒

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

---

**None**
☐

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| *Name:  Roger Meyer* | *Member* | *92%* |
| *Karen Meyer* | *Member* | *8%* |
| *Address: 11 N Via Los Altos* | | |

Statement of Affairs - Page 6

Exh. B 0051

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

*Newbury Park, CA 91320*

---

**22. Former partners, officers, directors and shareholders**

None ☒    a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

---

None ☒    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

---

**23. Withdrawals from a partnership or distribution by a corporation**

None ☒    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

---

**24. Tax Consolidation Group.**

None ☒    If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceeding the commencement of the case.

---

**25. Pension Funds.**

None ☒    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

Statement of Affairs - Page 7

Exh. B 0052

Case 1:11-bk-13715-MT   Doc 8   Filed 04/08/11   Entered 04/08/11 12:07:50   Desc
Main Document   Page 54 of 93

Form B203 Disclosure of Compensation of Attorney for Debtor (12/94)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re *Center Court Partners, LLC, a California*
*Corporation*

Case No.  *1:11-bk-13715*
Chapter   *11*

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | *hourly* |
| Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . $ | *2,000.00* |
| Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | *0.00* |

2. The source of the compensation paid to me was:
☒ Debtor   ☐ Other (specify)

3. The source of compensation to be paid to me is:
☒ Debtor   ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearing thereof;

d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

e.  [Other provisions as needed].
*None*

Exh. B 0053

Case 1:11-bk-13715-MT    Doc 8    Filed 04/08/11    Entered 04/08/11 12:07:50    Desc
Main Document    Page 41 of 48

Form B203 Page Two - Disclosure of Compensation of Attorney for Debtor (12/94)

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

*None*

---

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

04/08/2011
_____
Date

/s/ Martin D. Gross
_____
Signature of Attorney

LAW OFFICES OF MARTIN D. GROSS
_____
Name of Law Firm

---

Form B203 Page Two - Disclosure of Compensation of Attorney for Debtor (12/94)

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:

*None*

---

# CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

04/08/2011
Date

/s/ Martin D. Gross
Signature of Attorney

LAW OFFICES OF MARTIN D. GROSS
Name of Law Firm

Verification of Creditor Mailing List - (Rev. 10/05)                                    2003 USBC, Central District of California

# MASTER MAILING LIST
## Verification Pursuant to Local Rule 1007-2(d)

Name  *Martin D. Gross*

Address  *2001 Wilshire Blvd. Suite 205 Santa Monica, CA 90403*

Telephone *310 453 8320*

[X]    Attorney for Debtor(s)
[ ]    Debtor In Pro Per

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names, used by Debtor(s) within last 8 years:<br>*In re  Center Court Partners, LLC* | Case No. *1:11-bk-13715* |
| | Chapter *11* |

# VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of _3___ sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date: *04/08/2011*

/s/ *Roger Meyer*
Debtor: *Center Court Partners, LLC*

/s/ *Martin D. Gross*
Attorney: *Martin D. Gross*

Joint Debtor:

Exh. B 0056

Center Court Partners  LLC
29134 Roadside Drive
Suite 103
Agoura Hills  CA  91301


Martin D  Gross
2001 Wilshire Blvd  Suite 205
Santa Monica  CA  90403


Aid Alert Security
10014 S  Westlake Bl #14
Westlake Village  CA  91461


American Janitorial Services
949 Camino Dos Rios
Thousand Oaks  CA  91360


AT&T
PO Box 5001
Carol Stream  IL  60197


City Lights Financial Express
29134 Roadside Dr  #106
Agoura Hills  CA  91301


Los Angeles County Tax Collect
Treasurer & Tax Collector
225 North Hill Street
Los Angeles  CA  90051-4818


Dr  Pakula
29501 Canwood Street
Agoura Hills  CA  91301


Farmer's Insurance
1930 Ray Shire Street
Thousand Oaks  CA  91362


Johnson Mueller Architects
1451-D Rice Ave
Oxnard  CA  93030

JRM Equities
577 Corte Aguacate
Camarillo   CA   93010


Karen Meyer
11 N Via Los Altos
Newbury Park   CA   91320


Lab West
29501 Canwood St
Agoura Hills   CA   91301


Las Virgenes Water District
4232 Las Virgenes Road
Calabasas   CA   91302


Montecito Bank & Trust
1000 State Street
Santa Barbara   CA   93101


Opal Meyer Survivor's Trust
3800 Beverly Ridge Dr
Sherman Oaks   CA   91423


LA County Tax Collector
225 N Hill St
Los Angeles   CA   90051


Roger Meyer
11 N Via Los Altos
Newbury Park   CA   91320


Roger Meyer
11 N Via Los Altos
Agoura Hills   CA   91301


Southern CA Edison
PO Box 300
Rosemead   CA   91772

Southern CA Gas Co
PO Box 30777
Los Angeles   CA   90030-0086


ThyssenKrupp Elevator Corp
949 Camino Dios Rios
Thousand Oaks   CA   91360


Vacco HVAC
4665 Ortega St
Ventura   CA   93003


Waste Management GI Ind
195 West Los Angeles Ave
Simi Valley   CA   93065

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Martin D. Gross<br>LAW OFFICES OF MARTIN D. GROSS<br>2001 Wilshire Blvd. Suite 205<br>Santa Monica , CA  90403<br>310 453 8320                                          147426<br>☒ *Attorney for:* Center Court Partners, LLC | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: Center Court Partners, LLC, a California Corporation | CASE NO.: 1:11-bk-13715 |
|---|---|
| | CHAPTER:    11 |
| Debtor(s). | ADV. NO.: |

### ELECTRONIC FILING DECLARATION
### (CORPORATION/PARTNERSHIP)

☒  Petition, statement of affairs, schedules or lists          Date Filed: 4/7/2011
☒  Amendments to the petition, statement of affairs, schedules or lists          Date Filed: _____
☐  Other: _____          Date Filed: _____

## PART I - DECLARATION OF AUTHORIZED SIGNATORY OF DEBTOR OR OTHER PARTY

I, the undersigned, hereby declare under penalty of perjury that: (1) I have been authorized by the Debtor or other party on whose behalf the above-referenced document is being filed (Filing Party) to sign and to file, on behalf of the Filing Party, the above-referenced document being filed electronically (Filed Document); (2) I have read and understand the Filed Document; (3) the information provided in the Filed Document is true, correct and complete; (4) the "/s/," followed by my name, on the signature lines for the Filing Party in the Filed Document serves as my signature on behalf of the Filing Party and denotes the making of such declarations, requests, statements, verifications and certifications by me and by the Filing Party to the same extent and effect as my actual signature on such signature lines; (5) I have actually signed a true and correct hard copy of the Filed Document in such places on behalf of the Filing Party and provided the executed hard copy of the Filed Document to the Filing Party's attorney; and (6) I, on behalf of the Filing Party, have authorized the Filing Party's attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California.

/s/ _____          04/07/2011
*Signature of Authorized Signatory of Filing Party*          Date

Roger Meyer
_____
*Printed Name of Authorized Signatory of Filing Party*

Managing Member
_____
*Title of Authorized Signatory of Filing Party*

## PART II - DECLARATION OF ATTORNEY FOR FILING PARTY

I, the undersigned Attorney for the Filing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Filing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) an authorized signatory of the Filing Party signed the *Declaration of Authorized Signatory of Debtor or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature of the authorized signatory of the Filing Party in the locations that are indicated by "/s/," followed by the name of the Filing Party's authorized signatory, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Authorized Signatory of Debtor or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Authorized Signatory of Debtor or Other Party*, and the Filed Document available for review upon request of the Court or other parties.

/s/ Martin D. Gross _____          04/07/2011
*Signature of Attorney for Filing Party*          Date

Martin D. Gross
*Printed Name of Attorney for Filing Party*

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*November 2006*

**EXHIBIT C**

Exh. C 0061

<u>Transcript of Disk provided by U.S. Trustee's office re 341(a) Hearing on April 27, 2011</u>

Maria Marquez:     Good afternoon. Today is April 27, 2011, approximately 1:17 p.m. This is a meeting of creditors as set forth under §342(a) of the Bankruptcy Case for Centercourt Partners, LLC, Case number 1:11-bk-13715-MT.

My name is Maria Marquez representing the Office of the U.S. Trustee. As the analyst assigned to this case, I am here on behalf of Carolyn Feinstein who is the official analyst assigned to this case who will providing oversight in this Chapter 11.

This is an Administrative Hearing to allow the U.S. Trustee's Office and interested creditors to ask questions regarding the schedules and statements that the principal to debtor filed on behalf of the debtor under penalty of perjury.

Please know that you will be answering questions under oath and making false statements here either by your testimony or on your bankruptcy petition is a federal crime punishable by imprisonment and fines. At this time, I will swear in the Debtor-In-Possession. Sir, could you please state your first and last name for the record.

Roger Meyer.     Roger Meyer.

Maria:     Mr. Meyer, could you please raise your right hand? In the testimony that you are about to give, do you solemnly swear to tell the truth, the whole truth and nothing but the truth?

Roger:     I do.

Maria:     Your relationship with the debtor?

Roger:     I'm the . . . the debtor

Maria:     The Debtor is Centercourt.

Roger:     Yeah, OK, I'm the Managing . . .

Maria:     Counsel, could you please state your appearance for the record?

Martin Gross:     Yes, my name is Martin Gross, Counsel for Debtor.

Maria:     When I refer to Debtor, I refer to Centercourt Partners. OK

Roger:     OK.

Maria:     Has the debtor previously filed bankruptcy?

Exh. C 0062

Roger:          No.

Maria:          Are you personally familiar with the information contained in the petition schedule statements and related documents filed with the bankruptcy court?

Roger:          Yes.

Maria:          Did you sign the petition on behalf of the Debtor:

Roger:          Yes.

Maria:          To the best of your knowledge, is the information listed on the petition, schedule statements and related documents true and correct?

Roger:          Yes

Maria:          Are there any errors or omissions that you would like to come to our attention?

Roger:          None that I know of.

Maria:          Everything looks good?

[Roger:         Unintelligible.]

Maria:          OK.

Maria:          Are all of the Debtor's assets listed on the schedules?

Roger:          Yes.

Maria:          Are all of the Debtor's creditors listed on the schedule?

Roger:          Yes, as far as I know, there are monthly bills that accrue.  That may not be the latest.

Maria:          But those are post petitions.

Roger:          I got some information today from _____ company and a few others.

Maria:          Are those . . .

Roger:          When we prepared those, we gave you what we could to the best of our ability.

Maria:          Are those pre-petition or post-petition?

Roger:          Post.

Exh. C 0063

| | |
|---|---|
| Maria: | You can take your advice from counsel on how to appropriately adjust this. |
| Roger: | OK. |
| Maria: | Why did you on behalf of the Debtor file this bankruptcy? |
| Roger: | We needed time to complete the lease that we have working for a tenant that wished to take the entire property and we were in the courts in Van Nuys to push off a foreclosure. |
| Maria: | Was there a foreclosure sale date pending? |
| Roger: | There was. |
| Maria: | For which date?  This bankruptcy was filed on March 25th of this year. |
| Roger: | I believe, it was the following Monday, the 28th. |
| Maria: | OK. |
| Maria: | What is the plan of reorganization? |
| Roger: | Our plan is to complete the lease with the Mariner Group. |
| Maria: | Could you speak up a little? |
| Roger: | Sure. |
| Roger: | Is to complete the lease with Mariner Group.  Originally, they wished to take the entire building and we applied to the State of California OSHPD Group which is in charge of skilled nursing homes and hospitals.  And, they denied us the use of the second floor for acute skilled nursing beds.  So, we then notified Mariner, and of course, we were working on this for about five or six months with our architects and engineers and Mariner's architects and engineers to still make our project work.  We found a plan that would still make our project work.  That is, we wanted to add approximately 11,400 square foot addition to the front of the building, level with the first floor.  Mariner would then adjust the lease to take the entire first floor and a small portion of the subterrean garage and we would adjust the rent from $141,500 a month that they were going to pay to $100,000 a month plus triple nets they would pay.  Then we would go ahead and rent the upstairs space for more or less standard medical office use. |
| Maria: | Counsel – Did you want to chime in? |

Exh. C 0064

| | |
|---|---|
| Martin: | No, I think the only addition I would add was with regard to the second floor that this was going to be used for medical condominiums. |
| Roger: | Well, they are legally right now, 22 medial condominiums.  The Mariner Group wishes to purchase with an option in year four, the entire first floor.  So, we would modify our current tract map from 22 units to 12 units where the first floor plus the addition would be one unit and then we would keep the 11 units we have upstairs and we would either lease or sell the upstairs units. |
| Maria: | Tell me about the condition of the building? |
| Roger: | It's a brand new building.  Two of the suites, Suite 101 and 110 have tenant improvements and there are two tenants.  Dr. Pakula is in Suite 101.  She's a dermatologist and we have Suite 110, which is a Blood Lab.  It was West Coast Blood Labs but they actually filed a bankruptcy and another company purchased that.  We would then relocate those two folks upstairs. |
| Maria: | So, there's only two tenants that occupy? |
| Roger: | That's it.  Yep. |
| Maria: | Of the 22 medical condos? |
| Roger: | That's correct. |
| Maria: | When was the building completed? |
| Roger: | We got a certificate of occupancy for the building to show in November of 2008. |
| Maria: | When was it first occupied by a tenant? |
| Roger: | In 2009. |
| Maria: | What month? |
| Roger: | I'm not exactly sure.  We would have to consult the paperwork.  I'm going to guess at around March or April for Dr. Pakula and I think, it was July or so for West Coast Blood Labs. |
| Maria: | Counsel, I'm assuming that you provided an income/cash flow as part of this package which shows the amounts of rents. |
| Martin: | Yes, we have the leases too. |

Exh. C 0065

| | |
|---|---|
| Maria: | I'm sure the creditors will have more questions in respect to the building. Other than the Debtor, does anybody else have interest in the Cadway Street Property? |
| Roger: | No, just my wife and I. |
| Maria: | What is your wife's name? |
| Roger: | Karen, K A R E N. [Something unintelligible.] Sorry. |
| Maria: | Who owns membership interest in the LLC? |
| Roger: | Roger Meyer and Karen Meyer. |
| Maria: | What percentage each? |
| Roger: | Karen Meyer has 8.5% and Roger Meyer has the balance of 91.5%. |
| Maria: | Who makes the decisions on behalf of the Debtor? Herself? |
| Roger: | [Unintelligible] |
| Maria: | Do you have commercial liability insurance for the building? |
| Roger: | I do. |
| Maria: | Do you know when the policy is due to expire? |
| Roger: | Not positive, but I believe I remember it's October. |
| Maria: | Do you know the amount of coverage? Offhand? |
| Roger: | No, but I know we have a declaration sheet which shows all the insurance. |
| Maria: | Which we will review. OK. Um, does the Debtor have any assets, money, bank accounts or business activity out of the state or country? |
| Roger: | No. Wait, wait. Out of the state. Yeah, the Debtor. Oh, the Debtor, Centercourt. I'm sorry. No. I keep getting confused. |
| Maria: | Did you, on behalf of the Debtor, open a Debtor-In-Possession bank account? |
| Roger: | I did. |
| Maria: | At what location? |
| Roger: | Wells Fargo Bank in Newbury Park. |

Exh. C 0066

Maria:              Do you know the current balance?

Roger:              I think we have that in the paper. It's just under $17,000.00. $16,900.00
                    and change.

Maria:              What is the combined monthly income from the two tenants?

Roger:              Just under $10,000.00, I believe it's around $9,700.00 and change.

Maria:              Combined? Right?

Roger:              Combined.

Maria:              Who is responsible for collecting the rents?

Roger:              I am. My son, actually. He's the property manager.

Maria:              What is your son's name?

Roger:              Jon Meyer. His company is JRM Equities.

Maria:              It's a management company?

Roger:              Yes.

Maria:              JRM?

Roger:              JRM Equities.

Maria:              Is the Debtor – Are there any associated cases to the Debtor's case that are
                    – that are currently in bankruptcy? Do you have any interest in any other
                    LLCs currently in bankruptcy? You or your wife?

Roger:              We have other LLCs but not in bankruptcy.

Maria:              About how many other LLCs do you have?

Roger:              I didn't come prepared for all of this.

Maria:              One to five, five to ten?

Roger:              Five to ten.

Maria:              And, are those LLCs registered with the California Secretary of State?
                    Are they – what states?

Roger:              California, Texas, North Carolina, Atlanta – Georgia.

Exh. C 0067

| | |
|---|---|
| Maria: | Georgia?  In respect to the Debtor, is it registered with the California Secretary of State?  Was it incorporated in California?  What is the current standing, if you know? |
| Roger: | Active. |
| Maria: | When was it formed?  What year? |
| Roger: | I believe it was 2005. |
| Maria: | Anyone present with questions? |
| Joseph Miller: | I have a question. |
| Maria: | Do you have just one? |
| Joseph Miller: | I have several questions. |
| Maria: | OK. |
| Maria: | You can you raised your hand.  You can come up first.  That's ok.  Please state your first and last name for the record and who you represent. |
| Ashleigh Danker: | I'm Ashleigh Danker of Kaye Scholer LLP on behalf of Montecito Bank and Trust.  Also from Kaye Scholer on behalf of Montecito Bank . . |
| Bryant Delgadillo: | Bryant Delgadillo, also with Kaye Scholer. |
| Ashleigh: | I have a couple of follow-up questions with respect to some of the information you've already given and a few additional questions.  You stated that there is approximately $16,900.00 in the bank account.  What was the source of that money? |
| Roger: | The source of the money? |
| Ashleigh: | Yes. |
| Roger: | Part of it is a deposit paid by Mariner Health Care for doing the design work and part of it is the monthly rents. |
| Ashleigh: | Approximately how much was the deposit? |
| Roger: | $50,000.00. |
| Ashleigh: | The deposit was $50,000.00 but I thought I heard you say that there was $16,900 in the bank account. |
| Roger: | That's correct. |

Exh. C 0068

| | |
|---|---|
| Ashleigh: | So, that was a prepetition deposit that they paid that's now been partially used. |
| Roger: | Yes, we paid architect fees, plan check fees. Yes. |
| Ashleigh: | And approximately how much of the $16,900.00 represents tenants' rents. |
| Roger: | I don't know. No because approximately $9,700.00 come in monthly from the rents and approximately $7,500.00 (it changes a little bit every month) goes out for Edison, power bills, gas company bills, water bills Las Virgenes, elevator maintenance, landscape maintenance, property manager, trash pick-up, that type of stuff. |
| Ashleigh: | I spoke with your attorney and he indicated that he would provide us with a copies of that information. |
| Roger: | Oh, we have copies. |
| Ashleigh: | Approximately, how much rent has been collected post-petition? |
| Roger: | When did we file? |
| Martin: | March 25th. |
| Roger: | About $9,700.00. |
| Ashleigh: | Have you used any of that rent to pay any bills? Or any of that cash to pay the bills? |
| Roger: | Um. There's money in the account and we paid bills in April, yes. If it's that exact money or other money, I don't know how to answer to that. |
| Ashleigh: | That would have been from those rents you obtained? |
| Roger: | Part of the money of $16,900.00 would be the rents. |
| Ashleigh: | And, have you paid a property manager post-petition? |
| Roger: | Yes, I have. |
| Ashleigh: | How much have you paid the property manager? |
| Roger: | $2,000.00 – that's the monthly fee. |
| Ashleigh: | What was the source of funds for that? |
| Roger: | Checking account – the Centercourt checking account. |

Exh. C 0069

| | |
|---|---|
| Ashleigh: | And, [bankruptcy] counsel note that he was engaged post-petition after he received a retainer.  Was that retainer paid post-petition? |
| Roger: | Yes, Nope, Yes. |
| Ashleigh: | Was that – perhaps counsel you might be able to respond.  Was that a transfer retainer from the prepetition counsel or was the source actually the Debtor? |
| Martin: | I think it was from – it wasn't from the dividend.  Um, the source, I believe, I don't know.  I can't recall the initial retainer. |
| Ashleigh: | I think this is one of the questions in the statement of financial affairs.  What was the source and when was it paid?  I didn't see that information.  Can that information be conveyed to us? |
| Martin: | Yeah, I'll provide that no later than Friday. |
| Ashleigh: | With respect to the property – is it one legal parcel or multiple parcels? |
| Roger: | Multiple. |
| Ashleigh: | It's multiple parcels?  And they are continuous parcels? |
| Roger: | There are 22 legal parcels. |
| Ashleigh: | OK.  But they're contiguous parcels?  Correct? |
| Roger: | It's a single building. |
| Ashleigh: | It's a single project.  We heard you state that there are two tenants and the amount of the combined rent is approximately $9,700.00 per month.  Does the Debtor have any income aside from those rents? |
| Roger: | No. |
| Ashleigh: | Does the Debtor conduct any business on that property aside from having those tenants there? |
| Roger: | No. |
| Ashleigh: | With respect to Mariner, how long have you been in negotiations with Mariner? |
| Roger: | I'd have to look back.  Approximately, seven or eight months. |
| Ashleigh: | And, how does the Debtor intend to pay for the addition to the property that you described? |

| | |
|---|---|
| Roger: | Additional financing. |
| Ashleigh: | From? |
| Roger: | From a new source. |
| Ashleigh: | I would like to show Mr. Meyer a copy of the promissory note with respect to our loan. I highlighted some language here. The one with Montecito is a variable interest rate loan. Do you see the language below that I've highlighted below the paragraph? What's the variable interest rate? It says under no circumstances will the interest rate on this note be less than 5.875% or more than the maximum rate allowed by applicable law? |
| Roger: | I see that. |
| Ashleigh: | So that's the minimum non default rate under this loan? Correct? |
| Roger: | That's correct. |
| Ashleigh: | And then the language that I highlighted further down – interest after default. It says upon default, the interest rate on this note shall be permitted under applicable law to immediately increase by adding a 6% point margin defined as a Default Point Margin. The Default Point Margin should also apply to the interest rate change that we will apply when there's a default. You see that language? |
| Roger: | I see that. |
| Ashleigh: | Do you agree that that provides that the default rate margin is added to the base interest rate when a default has occurred? |
| Roger: | No, not at all. |
| Ashleigh: | And, why not? |
| Roger: | Because this is not a clear statement of the facts of the truth. |
| Ashleigh: | It is a statement of what the note provides. |
| Roger: | No. |
| Ashleigh: | That the default rate margin gets added to the base interest rate. Correct? |
| Roger: | Not correct. |
| Ashleigh: | Can you elaborate as to why you disagree with that? |
| Roger: | Yes. |

Exh. C 0071

| | |
|---|---|
| Ashleigh: | Would you please? |
| Roger: | My understanding is that the default rate is 6% added to the index at the time which is the LIBOR rate. It's also stated in our Forbearance Agreements. |
| Ashleigh: | You . . |
| Roger: | It's quite clear. |
| Ashleigh: | Those agreements have expired? |
| Roger: | Have they expired? |
| Ashleigh: | There's no Forbearance Agreement currently in place – is there? |
| Roger: | I'd have to check with counsel. I don't know. I'm not an attorney. |
| Ashleigh: | Whispering. |

Shuffling of papers. Quiet speaking.

| | |
|---|---|
| Bryant: | Mr. Meyer. My name is Bryant Delgadillo and I also represent the Bank. I'm going to be asking you some more questions. The first question I want to ask you is . . . Can you identify the gentleman that's been consulting with your Counsel? |
| Roger: | Joseph Miller. |
| Bryant: | Does Mr. Miller have any interest in Centercourt? |
| Roger: | He has a loan with Centercourt? |
| Bryant: | When did he make a loan to Centercourt? |
| Roger: | December of 2010. |
| Bryant: | What was the amount of that loan? |
| Roger: | Um, I don't remember exactly. I think it's approximately $148,000.00. |
| Bryant: | And did – Is there Loan Agreement that entered into with Mr. Miller? |
| Roger: | Yes. |
| Bryant: | And did you execute that Loan Agreement as the managing member of Centercourt? |
| Roger: | Yes. |

Exh. C 0072

| | |
|---|---|
| Bryant: | What was the purpose of the loan? |
| Roger: | To pay the property taxes. |
| Bryant: | And, were the funds from that loan – the $148,000.00 – Were those in fact used to pay property taxes? |
| Roger: | Yes. |
| Bryant: | What year property taxes? |
| Roger: | Um, |
| Bryant: | Were those for the 2009 property taxes?  2009 Year? |
| Roger: | 2009/2010. |
| Bryant: | Did Centercourt provide Mr. Miller with any security for that loan? |
| Roger: | No, just a note. |
| Bryant: | Just for the record, I don't know if you've reviewed the schedules and you prepared them to the best of your ability and they were true and correct.  Do you know whether there is a listing or identification of that note to Mr. Miller? |
| Roger: | I don't – I would have to go through.  There's an awful lot of paper we put together on short notice.  I'd have to review the documents. |
| Maria: | Counsel – Can you make sure he's listed?  Mr. Miller? |
| Martin: | Sure. |
| Maria: | And, if not, amend the schedules to reflect the correct information.  Thank you. |
| Bryant: | Um, to the best of your knowledge, are there any other loans not listed on the schedules?  Have you reviewed the schedules recently? |
| Roger: | Well, you say reviewed.  Did I review it quickly – yes.  Did I investigate every line item – No. |
| Bryant: | In your quick review, Did you notice any loans or notes that weren't on the schedules -- that you know that Centercourt had entered into? |
| Roger: | If there's a schedule that I can review.  I would be happy to review it. |
| Martin: | [Talking – unintelligible.] |

Exh. C 0073

Roger:          I believe I have everything pretty complete, yes.  To the best of my ability, we did our best.

Bryant:         Is that the only loan you've made, to Centercourt, that you've received from Mr. Miller?

Roger:          Is that the only loan?  Yes.

Bryant:         Now, you testified, you stated earlier that the Centercourt was formed in 2005?  Is that correct?

Roger:          I believe that's correct.

Bryant:         Was it originally formed as a limited liability company?

Roger:          Yes.

Bryant:         Whose decision was it to form Centercourt as a LLC?

Roger:          The attorney I had at the time.

Bryant:         Do you recall what that attorney's name was?

Roger:          Darrell Zilberstein.

Bryant:         How do you spell that last name?

Roger:          I believe it's Zilberstein.

Bryant:         Did you have any objection to the formation of Centercourt as a LLC?

Roger:          No.  Long pause.  I answered no.

Bryant:         Oh, I didn't hear you.

Roger:          Oh, I'm sorry.

Bryant:         And when um Centercourt was formed in 2005 – What, if any, real property assets did Centercourt own?

Roger:          None.

Bryant:         Did Centercourt eventually acquire any interest in real property assets?

Roger:          Yes.

Bryant:         Which asset, which real property asset was that?

Roger:          Real estate commonly known as 29501 Canley.

Exh. C 0074

Bryant:      And approximately when did Centercourt acquire that interest?

Roger:       I believe it was sometime in 07.

Bryant:      You earlier stated that the – there were two members of the LLC.
Yourself and your wife.  Is that correct?

Roger:       Yes.

Bryant:      Has that always been the case that there were only two members in
Centercourt?

Roger:       No.

Bryant:      When were other owners of Centercourt?

Roger:       Well, I was the only owner of Centercourt before we added my wife.  It
was an accounting thing – my accountant said that you had to have two
owners for a LLC.

Bryant:      So, in 2005 when Centercourt was just formed – Was it originally formed
with you as the only owner – as the only individual owner and interest in
Centercourt?

Roger:       I believe so.

Bryant:      Do you recall approximately when your wife acquired an interest in
Centercourt?

Roger:       No.

Bryant:      Was it before 2007?

Roger:       Don't know.

Bryant:      And have you always been the managing member of Centercourt?

Roger:       Yes.

Bryant:      What was the purpose of forming Centercourt in 2005?

Roger:       To purchase the real estate as 29501 Canwood and develop the property.

Bryant:      As a member holding a membership interest in Centercourt – Do you have
any personal liability for Centercourt's debts?

Roger:       Yes.

Bryant:      In what capacity?

Exh. C 0075

| | |
|---|---|
| Roger: | As a guarantor. |
| Bryant: | Do you have any liability as a member for debts? |
| Roger: | I don't know enough.  I would have to check with my attorney. |
| Bryant: | So, your understanding right now is that your personal liability individually is Roger Meyer as a guarantor of Centercourt's debts? |
| Roger: | Yes.  Well, of the loan, not Centercourt's debts – only of the construction. |
| Bryant: | I know you didn't recall when your wife became an owner but I believe you earlier stated that she owns approximately or owns an 8.5% interest?  Has that percentage always been the same? |
| Roger: | I don't know.  That's what Marty said – I don't know the exact percentage.  But, I think it's community property in California, she owns half anyway. |

Whispering. Quiet.

| | |
|---|---|
| Bryant: | You mentioned earlier the Forbearance Agreements.  There was a discussion you had with my colleague about the Forbearance Agreements.  I'm just going to show you a copy of the Forbearance Agreements and have a few questions about them.  OK? |
| Bryant: | Would you hand them this? |
| Female: | Yes. |
| Bryant: | I have an extra copy for your counsel. |
| Bryant: | Before I ask questions about that, Mr. Meyer, I recall you mentioning that there was a litigation that Centercourt was involved with in Van Nuys.  Do you recall that? |
| Roger: | I do. |
| Bryant: | To your knowledge, is Centercourt involved in any other litigation?  Anywhere? |
| Roger: | Yeah, Santa Barbara. |
| Bryant: | Centercourt is a party in litigation in Santa Barbara? |
| Roger: | That's a good question.  Um.  I'm not sure. |
| Bryant: | Do you recall whether you listed or identified that litigation in Santa Barbara as litigation that involved Centercourt in your schedules? |

Exh. C 0076

Roger:          I'm not sure.

Maria:          It's on the Statement of Financial Effects.

Bryant:         And, um, that litigation, that's concerning an action on your Guarantee.  Is that correct?

Roger:          Yes.

Bryant:         Do you know whether there's a claim in that litigation directly against Centercourt – with Centercourt as a party?

Roger:          I don't know.

Bryant:         Other than that Santa Barbara – Are you aware of any litigation that Centercourt is involved with?

Roger:          Yes.

Bryant:         What litigation is that?

Roger:          Van Nuys Court.

Bryant:         Other than those two litigations – Do you know whether Centercourt is involved in any other litigation?

Roger:          None that I know of.

Bryant:         And in the Van Nuys litigation – Is it your understanding that Centercourt is making a claim for monetary damages in that litigation?

Roger:          Yes.

Bryant:         What's your understanding of the amount of the claim that Centercourt is seeking in that litigation?

Roger:          We're seeking the overcharging of interest from Montecito Bank plus damages.

Bryant:         Plus damages.  What are the other damages that you've received?

Roger:          Whatever the attorneys and the courts deem proper.

Bryant:         What's your understanding of the potential amount of the overcharging of the interest that you're seeking in that litigation?

Roger:          I'd have to review our legal work on that case.

| | |
|---|---|
| Bryant: | You – What is – Do you know whether Centercourt is seeking any monetary damages in this Santa Barbara litigation? |
| Roger: | I'm not sure. That's a different attorney – I don't know. |
| Maria: | Don't attempt to answer for him. You're not under oath. |
| Martin: | OK. |
| Maria: | We have about ten or fifteen minutes. |
| Bryant: | Turning to the Forbearance Agreements that I provided you earlier – Let's look at the first one that's just labeled Forbearance Agreement – Do you see that? |
| Roger: | Yes. |
| Bryant: | Turn to the back page on the signature pages, the final pages, page 10 of 10 that says Borrower's Centercourt Partners. Is that your signature, Mr. Meyer? |
| Roger: | Yes, it is. |
| Bryant: | And, you also signed individually as a Guarantor. Is that correct? |
| Roger: | Yes. |
| Bryant: | Now, look on page 7 of 7. There's a paragraph, paragraph 9 – it's a paragraph stating the Release. There's signatures or initials under that. I don't know if they're initials or signatures – I can't tell. The question is, are those your initials on page 7 of 10 of the Forbearance Agreement under the Release Section? |
| Roger: | They appear to be. Yes. |
| Bryant: | Did you review this Forbearance Agreement before signing on the last page and initialing on page seven under the Release section? |
| Roger: | Yes. |
| Bryant: | Was it your understanding then when initialing under the Release section and signing you were waiving certain claims on behalf of Centercourt against the bank? |
| Roger: | No, not necessarily. |
| Bryant: | What is your understanding of what you weren't waiving? |

Exh. C 0078

| | |
|---|---|
| Roger: | Sometimes things are in writing are illegal and improper and the courts may not deem them proper |
| Bryant: | Did you have that understanding that when you signed that that you weren't releasing things because this may have been illegal or improper? |
| Roger: | I just know that I initialed that I read it not that I necessarily accepted all of it. |
| Bryant: | So when you were signing it, you were – was it your understanding that there were claims that you weren't releasing under these releases? |
| Roger: | Yes, that there were possible claims that weren't valid even though they were on the paper. |
| Bryant: | Did you have legal representation when – Did Centercourt have legal representation when you signed these – this Forbearance Agreement? |
| Roger: | I always have legal representation. I don't know that I gave this to the attorney at the time. |
| Bryant: | Who was your attorney at the time these Forbearance Agreements were negotiated and signed? |
| Roger: | Jack Humes. |
| Bryant: | Is that H-U-M-E-S? |
| Roger: | Yes. |
| Bryant: | And, do you know whether – strike that. Don't tell me the substance of your conversation – I just want to know whether you had a conversation with Mr. Humes about this Forbearance Agreement before you signed it? I don't want to know what you talked about, I just want to know |
| Roger: | I don't recall at that time. |
| Bryant: | Now, looking on page 1 of the Forbearance Agreement that you have. |
| Roger: | Page what? |
| Bryant: | Page One. It's the final WHEREAS clause on that page – It states that Borrower was required to pay all indebtedness, outstanding on the construction note on or before April 25th, but failed to do so and the construction default comprises in the event of default – Do you see that? |
| Roger: | I see that. |
| Bryant: | Do you recall reading that when you signed on behalf of Centercourt? |

Exh. C 0079

| | |
|---|---|
| Roger: | Not specifically, but I did review the document. |
| Bryant: | Did you understand that by signing this agreement that you were agreeing and representing that, in fact, there had been a default under the loan with the bank? |
| Roger: | I'm not clear. |
| Bryant: | You're not clear at what? |
| Roger: | If I was in default. |
| Bryant: | That's not my question.  Do you understand in signing this that you were representing and agreeing that that was a true statement that, in fact, you were in default? |
| Roger: | I'm not sure how to answer that. |
| Bryant: | Let me see if I can help you.  Go to page one on page two – there's a paragraph that says incorporation of Recitals – It says: "The Borrower parties represent and warrant, acknowledge and agree that 1.  the factual representation set forth hereinabove are true and correct and accurate.  Do you see that? |
| Roger: | I see that. |
| Bryant: | Do you recall reviewing that before you signed on behalf of Centercourt? |
| Roger: | No. |
| Bryant: | As you read that now, do you see that that statement says that the Borrowing Party including Centercourt is representing that the Recitals including the one I just read to you are true and correct? |
| Roger: | I see it on the paper.  You asked me if I recollect when I read it.  My answer is that I don't recollect. |
| Bryant: | How about now?  Do you recollect that this is what this document says is that Centercourt has signed the document that represents and warrants that certain things are true including the fact that Centercourt has defaulted under the loan to the bank? |
| Roger: | I don't recollect exactly reading this as I sit here today at that time and understanding it perfect. |
| Bryant: | What about today in looking at that language – Do you agree that that paragraph is in a document that you signed on behalf of Centercourt is stating that you represent and warrant that the recitals in this document are |

Exh. C 0080

|  |  |
|---|---|
|  | true and accurate representations?  Is that – do you understand that today?  Is that – not then – but today – as you read that today? |
| Roger: | No, I don't think they are correct. |
| Maria: | A couple of more questions – ok? |
| Bryant: | Sure, thanks.  And, why don't you think they're correct? |
| Roger: | Because I believe some of the laws in the State of California are different than are stated in this document. |
| Bryant: | Which laws are those that are different? |
| Roger: | As far as the predatory lending, the statements of how the interest is calculated, I believe today that you can't legally sign away your rights even if they're in a document. |
| Bryant: | Have you ever signed a Forbearance Agreement similar to this before? |
| Roger: | Never. |
| Bryant: | And, um, at the time you signed that – Do you recall that you knew about any of these alleged rights, laws that you couldn't sign away at the time you signed this agreement on behalf of Centercourt? |
| Roger: | I don't understand what you just said. |
| Bryant: | When did you learn about these laws or these rights that you couldn't sign away – Was it after you signed this Agreement? |
| Roger: | Yes. |
| Maria: | Does anybody else have any more questions?  No. |
| Martin: | No. |
| Bryant: | I'll try to wrap up. |
| Maria: | You have fifteen minutes. |
| Bryant: | I want to talk about the Releases you signed – we had touched on it briefly and you said you understood that there were um, releases, that there were things that you were not that Centercourt was not releasing when it signed this document?  Do you recall that? |
| Roger: | That's not exactly what I said. |

Exh. C 0081

Bryant:        Tell me what you said when we were talking about the releases.  The releases say on the Director's R ..

Roger:         What page are the Releases?

Bryant:        Page 7, Sir.  It says here that Borrower Parties each hereby forever release and discharge bank, its predecessors and interests, and their respective officers, directors, shareholders, employees, agents, attorneys, and successors-in-interest defined as the Released Parties from any and all claims, demands, controversies, actions, cases of action, obligations, liabilities, expenses, costs, attorneys' fees and damages of whatsoever nature or character or of any kind at law or equity, past, present or future, known or unknown, suspected or unsuspected, now owned or hereinafter acquired or arising out of a related to the Construction Note, the Guarantee, this Agreement, the other Loan Documents, the Line of Credit Documents, the Foreclosure Proceeding whatsoever save and accept only the obligations created by this Agreement.  Do you see that paragraph?

Roger:         I see that paragraph.

Bryant:        And, despite the broad language in that paragraph, Is it your testimony under oath that you thought there was something that you weren't releasing when you signed this document on behalf of Centercourt?

Roger:         When I signed this document, I don't believe I understood the meaning of all these words.  That's correct.

Bryant:        As the Managing Member of Centercourt, is it your practice to sign documents that you don't understand fully?

Martin:        It's a bit argumentative.

Roger:         I do try to get a grasp of the overall understanding, yes.

Bryant:        What was your grasp at the time you signed this document as the Managing Member of Centercourt when you signed this Lease?

Roger:         That I had a construction loan that we were not able to pay when it was due and we were trying to keep the building current and the bank asked me to sign this document and I read it.  I don't know if I understood it clearly at that time but the bank told me that time was of the essence and I signed it.

Bryant:        What, individually, Mr. Meyer – what is your primary occupation?

Roger:         I'm sorry, what was the question.

Exh. C 0082

Bryant:      What's your primary occupation?  Are you a real estate developer?  Is that
             your primary occupation?

Roger:       I'm a property manager.  I'm a real estate developer and I have been a
             general contractor.

Bryant:      You had experience working with banks in these capacities that the
             property manager, real estate developer in the past?

Martin:      When you say in these capacities – Are you talking about specifically the
             Forbearance Agreements or other . . .

Bryant:      I'm talking about working with banks.

Roger:       I have worked with other banks.  I've never seen a Forbearance
             Agreement before this one.  This was the first time ever.

Bryant:      You work with banks where they required you to sign legal documents?
             Is that correct?

Roger:       Construction Loan Documents.

Bryant:      Is it your practice to review those documents and understand them before
             you sign them?

Roger:       I try to understand as much as I can.

Silence.

Bryant:      Now, you mentioned before that you had an attorney, Mr. Humes, at this
             time?  Is that correct?

Roger:       Well, I had an attorney for the project not specifically to review this
             document.

Bryant:      That was my question.  Do you specifically recall whether you consulted
             with an attorney at any time during the negotiation, drafting of this
             Forbearance Agreement?

Roger:       I don't recollect exactly.  I know there was a lot of pressure put on my by
             the bank.  This Agreement had to be done because obviously I wasn't able
             to fulfill the agreement that they owned, the Construction Loan when I
             thought I could.

Bryant:      What's your recollection of how long it took to negotiate this Forbearance
             Agreement?  The one we've been talking about?  Weeks?

Roger:       Yes.

23306678.DOCX                          22

Exh. C 0083

Bryant:    During those weeks, did you have an opportunity to consult with an attorney about this Forbearance Agreement?

Roger:    Yes, I may have.  I don't recollect precisely going over this agreement with Jack Humes.

Bryant:    · During those weeks did anything prevent you from consulting with Mr. Humes on this Forbearance Agreement?

Silence.

Bryant:    During this time period, I know we mentioned Mr. Humes, were there any other lawyers you were consulting with?

Roger:    At the time of this Forbearance Agreement?

Bryant:    Yes.

Roger:    I don't believe so.

Bryant:    Now, um, just for a second you can put that aside.  I have a few questions about the second Forbearance Agreement.  It's Amended.  My first question is on the last page of this document the First Amended Forbearance Agreement there's a final signature page.  Is that your signature as the Managing Member of Centercourt Partners?

Roger:    Yes.

Bryant:    You also signed individually in the capacity as a Guarantor.

Roger:    Yes.

Bryant:    And, um, the previous page – again, under the Release Section there's a place for initials.  Is that your initial on behalf of the Borrower as well as the Guarantor?

Roger:    Yes.

Bryant:    Do you recall reviewing this document before you signed and initialed this First Forbearance Agreement on behalf of Centercourt?

Roger:    No, I don't recollect.

Bryant:    Do you know whether you consulted with any attorney before signing this Agreement?

Roger:    I don't recollect.

Exh. C 0084

Bryant:     You recall consulting with any attorney during the negotiation of this First Forbearance Agreement?

Roger:      I don't recollect precisely going over the entire Agreement. Did I talk to Mr. Humes – maybe ask a question or two? Possibly.

Bryant:     And with respect to this First Forbearance Agreement – Did anything prevent you from consulting with Mr. Humes about the First Amendment to the Forbearance Agreement?

Roger:      Ah, I don't recollect precisely. The only thing I do recollect is I know the bank put a lot of pressure on me to get this thing signed – that they had the FDIC on their back and this had to become in compliance.

Bryant:     What did you understand that to mean? That they had the FDIC on their back?

Roger:      Well, my loan, among other loans was being reviewed. They needed the documentation to continue the loan.

Bryant:     Who do you recall having this conversation about the FDIC with? Who at the bank?

Roger:      Well, the only folks that I discussed it with at all would have been Mike Jarrell or I can't remember if Clyde Freeman was in on any of this. He was in on the original Construction Loan. He may or may not have been in on this and we sat at the Westlake Branch.

Bryant:     Specifically with respect to the FDIC statement? Do you recall who specifically made that comment?

Roger:      I don't recall specifically.

Bryant:     You know how long it took to negotiate and draft this First Amended Forbearance Agreement?

Roger:      I don't recollect?

Bryant:     Was it weeks?

Roger:      I believe it was weeks.

Bryant:     Was it more than a month? You know if it took more than a month to actually come to terms on the Amendment to the Forbearance Agreement?

Roger:      I don't remember. I do recollect that we went back and forth on some of the terms.

Silence:

Exh. C 0085

| Maria: | We need to wrap it up in a couple of minutes. |
|---|---|
| Bryant: | OK, go ahead. |
| Ashleigh: | Mr. Meyer, with respect to the nondefault interest rate 5.875% -- the monthly payment is approximately $45,000.00 per month. How does the Debtor propose to satisfy that interest payment during the bankruptcy case? |
| Roger: | I have $324,000.00 at the bank as a writ of attachment on the other case that's in Santa Barbara that are my personal funds. I would be willing to use those funds to make that payment. Also, I believe we overpaid the bank a couple of hundred thousand dollars – it come about September of last year due to the overcharging of the interest rate. |
| Ashleigh: | The Debtor itself does not have current income. The ability to make those payments. |
| Roger: | That's correct. The Debtor has no money other than the two tenants. |
| Ashleigh: | In respect to Mariner, you indicated that you would be looking for additional financing. Would that be financing that would also pay off the loan to Montecito? |
| Roger: | Yes. |
| Ashleigh: | What is the time table that you anticipate for that financing? |
| Roger: | It's based on the formal approval of the City of Agoura Hills and the OSHPD Group in the State of California. |
| Ashleigh: | What do you anticipate the timing would be? |
| Roger: | I think we put it together in our paperwork. |
| Conversation. | |
| Roger: | We actually have a signed lease with Mariners right now. However, when we found out a short time ago that we couldn't do that exact lease with the upstairs beds, all the architects and engineers made a mistake and we spent several months designing the TI improvements for the Mariner Group and then we found that the fire marshal within OSHPD said that we cannot have acute beds on a second floor of a wood frame building. So, we told the architects – Is there anything we can do to create at least a 100 bed facility for the Mariner Group? |
| Ashleigh: | I apologize for interrupting but I'm still trying to get to the timing. With respect to the . . . |

| | |
|---|---|
| Roger: | That's OK. I'm trying to give you . . . |
| Ashleigh: | To the process though – Are you at the beginning of the process with those two entities? |
| Roger: | No, with Mariner, we actually have an amendment to the original lease that we're just fine tuning that basically approved and accepted. We've agreed to provide 112 beds, not 155 beds. |
| Ashleigh: | With respect to the City of Agoura and with respect to the State Agency? |
| Roger: | Oh, I see. We have met with the City of Agoura Hills with the Director of Planning and the Assistant of Land and they were very receptive and they would like to have Mariner in the building in their city. |
| Ashleigh: | What would be the anticipated timing? Are we talking three months, six months, a year, two years? |
| Roger: | We didn't get into the exact specifics but it's my belief that within a 60 to 90 day period, we would have an approved direction to go. We might still need to get the final staff with the planning commission and city council but they would give us an approval so that we could go forward with the architect engineers and make a filing with the OSHPD group. |
| Ashleigh: | How much additional once you go back to OSHPD? |
| Roger: | I think OSHPD needs a total of about six months to complete their process. |
| Ashleigh: | So we're talking at least three months with the City of Agoura and that's not even getting the final approval but once you get that final approval, an additional six months. |
| Roger: | No, they would . . . |
| Ashleigh: | Are you getting the financing? |
| Roger: | It would be concurrent. |
| Ashleigh: | At what point in the process would you be able to refinance this property to satisfy the loan to us? |
| Roger: | We actually have a letter of commitment now from a bank that once Mariner and myself agree on the final little details, that we could go forward on their loan. |
| Maria: | Something about time. |
| Ashleigh: | Could we get a copy of the commitment letter? |

23306678.DOCX

26

| | |
|---|---|
| Roger: | I think you have that. |
| Ashleigh: | Just to clarify, quickly – I noticed that you were scheduled in your venue form at one point that something describes you as both the Managing Member and General Partner of the Debtor. That latter, General Partner, you are not a General Partner. This is not a general partnership and you are not the general partner. That is incorrect. |
| Roger: | Maybe from a legal standpoint. I'm the General Person that handles everything. The Chief Cook and Bottlewasher. |
| Maria: | Hold on, don't interrupt her. |
| Ashleigh: | I just want to confirm that you are not a General Partner, you are the Managing Member. |
| Roger: | That is correct. |
| Ashleigh: | Thank you. |
| Maria: | Are you a creditor? |
| Joseph Miller: | I am a creditor. |
| Maria: | Go ahead. Just a couple of questions because we're going into an hour. |
| Joseph Miller: | Is it your understanding that Mariner has agreed to go forward . . . |
| Maria: | State your first and last name for the record. |
| Joseph Miller: | Joseph Miller. I represent City Lights who is a creditor. The President of Mariner Healthcare has already signed a personal guarantee that on behalf of Mariner Healthcare to go forward with this first lease and go forward on the second lease. |
| Roger: | Yes. |
| Joseph: | Was it your understanding that when you signed this Forbearance Agreement that you felt pressured by the bank? |
| Roger: | Yes. |
| Joseph: | That's all. |
| Maria: | Do you have any questions? |
| Bryant: | I do have one follow-up question. You said that you in the Van Nuys action you're claiming an overcharge on interest. Is that correct? |

Exh. C 0088

Roger:          Yes.

Bryant:         When did you become aware of this alleged overcharge of interest?

Roger:          I don't recollect exactly that. We can go back and check with our attorneys at that time. It's a different attorney than Mr. Gross.

Bryant:         Did you have any knowledge of this alleged overcharge and interest – strike. Let me ask a different way. How did you become aware of this alleged overcharge on interest?

Roger:          I don't recollect that exactly.

Bryant:         Did you personally discover it? Did you look at the books? Did you figure out the overcharge?

Roger:          Well, I'm not sure. My attorneys and I and our consultants, we were reviewing everything. I don't recollect the exact time and date. I can't give you that. It's been some time.

Bryant:         Did the consultant help you identify the alleged overcharge?

Roger:          Well, there was my attorney and myself and other folks.

Bryant:         You mentioned a consultant. What's the name of the consultant?

Roger:          Well, City Lights is interested in doing the loan. So, I asked for their help.

Bryant:         What is City Lights?

Roger:          They're a lender.

Maria:          Based out of where?

Roger:          Sorry, based out of Agoura Hills.

Bryant:         Is this the lender you have the LOI with or the letter of intent with? I forget what you called it, the commitment letter?

Roger:          We do have interest from City Lights but the commitment letter is from Preferred Bank.

Ashleigh:       I would like to request if this meeting could be continued to a subsequent date because we haven't had the opportunity to see what's in your package.

Maria:          You can arrange to – oh, the meeting does not have to be continued for that purpose. You can request a copy of the 7 Day Package from Caroline.

Exh. C 0089

| | |
|---|---|
| Ashleigh: | I won't necessarily be able to ask Mr. Meyer questions. |
| Maria: | Then request a continuance through Caroline Brinestone.  Arrange that with her.  OK. |
| Ashleigh: | OK. |
| Maria: | Just email her. |
| Ashleigh: | OK. |
| Roger: | Thank you. |
| Maria: | I'm now concluding the 341(a) pending the Creditors' Request for a possible continuance. |
| Ashleigh: | Caroline . . . |
| Maria: | I'll give you her information.  OK.  Thank you. |

Exh. C 0090

| In re:  CENTER COURT PARTNERS, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:11-bk-13715-MT |

**Note:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.  Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1999 Avenue of the Stars, Suite 1700
Los Angeles, California  90067

The foregoing document described as *Objection Of Montecito Bank & Trust With Respect To Debtor's Denial Of Single Asset Real Estate Status Under 11 U.S.C § 101(51B); Declarations Of Ashleigh A. Danker And Debra Smith In Support Thereof* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

☒   **I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **May 23, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

☐   **II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **May 23, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

☐   **III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to Fed. R. Civ. Proc. 5 and/or controlling LBR, on _____, 2011 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 23, 2011 | Ashleigh A. Danker | |
|---|---|---|
| Date | Type Name | Signature |

6

KAYE SCHOLER LLP

**In re Center Court Partners, LLC**
**U.S.B.C., Central District of California, San Fernando Valley Division**
**Case No. 1:11-bk-13715-MT**

## I. SERVED ELECTRONICALLY VIA NEF:

- Katherine Bunker    kate.bunker@usdoj.gov
- Melissa J Fassett    mjf@ppplaw.com
- Martin D Gross    martin@lawgross.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

## II. SERVED VIA OVERNIGHT MAIL:

**Honorable Maureen A. Tighe**
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite #325
Woodland Hills, CA 91367

7

23306906.DOCX