# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA



*CENTRAL DISTRICT OF CALIFORNIA*

*APPROVED FORM FOR PRODUCING A*

# CHAPTER 11 PLAN

### MS Word Format

Revised August 2005

**F 3018-1**

Martin D. Gross, SBN147426
LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Blvd. Suite 205
Santa Monica, CA 90403
p. (310) 453-8320

Attorneys for Debtor in Possession
CENTER COURT PARTNERS, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO DIVISION

| | |
|---|---|
| In re:<br><br>CENTER COURT PARTNERS, LLC,<br><br>              Debtor in Possession | Bk. No.  1:11 – 13715-MT<br><br>In a Case Under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 et seq.)<br><br>**DEBTOR'S  CHAPTER 11 ORIGINAL PLAN FOR REORGANIZATION**<br><br>**Disclosure Statement Hearing**<br><br>Date: _____<br>Time: _____<br>Ctrm: _____<br>_____<br>_____<br><br>**Plan Confirmation Hearing**<br>**See Disclosure Statement for Voting and Objecting Procedures**<br>Date: _____<br>Time: _____<br>Ctrm: _____<br>_____<br>_____ |

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................. 1

II.     CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ......... 1
        A.      General Overview ................................................................. 1
        B.      Unclassified Claims .............................................................. 1
                1.      Administrative Expenses ........................................... 1
                2.      Priority Tax Claims ................................................... 2
        C.      Classified Claims and Interests ............................................. 3
                1.      Classes of Secured Claims ......................................... 3
                2.      Classes of Priority Unsecured Claims .......................... 4
                3.      Classes of General Unsecured Claims ......................... 5
                4.      Class(es) of Interest Holders ..................................... 5
        D.      Means of Performing the Plan .............................................. 6
                1.      Funding for the Plan ................................................. 6
                2.      Post-Confirmation Management .................................. 6
                3.      Disbursing Agent ..................................................... 6

III.    TREATMENT OF MISCELLANEOUS ITEMS ...................................... 6
        A.      Executory Contracts and Unexpired Leases ............................ 6
                1.      Assumptions ........................................................... 6
                2.      Rejections .............................................................. 7
        B.      Changes in Rates Subject to Regulatory Commission Approval ... 7
        C.      Retention of Jurisdiction ....................................................... 7

IV.     EFFECT OF CONFIRMATION OF PLAN ........................................... 7
        A.      Discharge ........................................................................... 7
        B.      Revesting of Property in the Debtor ....................................... 8
        C.      Modification of Plan ............................................................. 8
        D.      Post-Confirmation Status Report ............................................ 8
        E.      Quarterly Fees .................................................................... 8
        F.      Post-Confirmation Conversion/Dismissal ................................. 9
        G.      Final Decree ....................................................................... 9


        EXHIBIT A – UNEXPIRED LEASES TO BE ASSUMED ............................... 10
        EXHIBIT B – EXECUTORY CONTRACTS TO BE ASSUMED ...................... 11

# I.

## INTRODUCTION

Center Court Partners, LLC, a California Limited Liability Company, is the Debtor in a Chapter 11 bankruptcy case. On March 25, 2011 , Center Court Partners, LLC commenced a bankruptcy case by filing voluntary Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq. This document is the Chapter 11 Plan ("Plan") proposed by Center Court Partners, LLC ("Plan Proponent"). Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the Court, and which is provided to help you understand the Plan.

This is a reorganization plan. In other words, the Proponent seeks to accomplish payments under the Plan by obtaining funds through outside financing that shall be approved by the Court and creditors. There will be one lending facility, currently proposed by Preferred Bank to lend twelve million dollars ($12,000,000) accompanied by a two million, one hundred thousand dollar ($2,100,000) cash infusion from City Lights Financial Express, Inc. for an aggregate amount of fourteen million, one hundred thousand dollars ($14,100,000) to fund the Plan. The Effective Date of the proposed Plan shall be (i) sixty (60) days following Confirmation, and (ii) if an appeal from the Confirmation Order is timely filed, the first business day upon which implementation of the Plan has not been stayed pending such appeal.

# II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### A.    General Overview

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

## B.    Unclassified Claims

Certain types of claims are not placed into voting classes; instead they are unclassified.  They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code.  As such, the Proponent has not placed the following claims in a class.  The treatment of these claims is provided below.

### 1.    Administrative Expenses

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 507(a)(1).  The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtor's § 507(a)(1) administrative claims and their treatment under this Plan.

| Name | Amount Owed | Treatment |
|------|------------|-----------|
| Martin D. Gross | $7,500 | Paid in Full on Effective Date or when practicable |
| Jack Humes | Unknown | Paid in Full on Effective Date or when practicable – after Employment Application Ordered Approved by the Court |
| Rocky V. Ortega | Unknown | Paid in Full on Effective Date or when practicable— after Employment Application Ordered Approved by the Court |
| Clerk's Office Fees | $0, all paid to date | Paid in Full on Effective Date, as fees accrue |
| Office of the U.S. Trustee Fees | $0, all paid to date | Paid in Full on Effective Date, as fees accrue |
| | TOTAL | |

Court Approval of Fees Required:

The Court must approve all professional fees listed in this chart.  For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application.  Only the amount of fees allowed by the Court will be required to be paid under this Plan.

### 2.    Priority Tax Claims

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding six years from the date of the assessment of such tax.

Except to the extent that the Holder of an Allowed Tax Claim agrees otherwise, Holders of Allowed Tax Claim in each Case described herein shall receive, after the later of (a) the Effective Date (or as soon as practicable thereafter) of (b) the date on which such Claim becomes an Allowed Claim, payment in Cash of 100% of said Allowed Tax Claim, with interest if allowable under applicable law.  The Holder of an Allowed Tax Claim will not be entitled to receive any payment on account of any penalty arising, with respect to, or in connection with, the Allowed Tax Claim, except to the extent (i) that the Bankruptcy Court by Final Order or (ii) the Holder of the Tax Claim and the Debtor by agreement determine that a penalty arising from, with respect to, or in connection with, the Allowed Tax Claim is permitted pursuant to 11 U.S.C. §507(a)(8)(B).  Except as otherwise set forth by the Court, any such Claim, or demand for any such penalty, will be deemed disallowed by Confirmation of the Plan, and the Holder of an allowed Tax Claim will be enjoined from assessing or attempting to collect such penalty from any of the Creditor Trustee, the Debtors, or their Estates.

//

//

//

//

//

//

//

CCP.032511                                    4

The following chart lists **all** of the Debtor's Section 507(a)(8) priority tax claims

and their treatment under this Plan.

### UNPAID PROPERTY TAX OBLIGATIONS

| Unit | Value | Total | 1st install | 2nd install | date due | Post Confirm Treatment |
|---|---|---|---|---|---|---|
| 2053-001-029 | $507,009.00 | $6,172.44 | $3,086.22 | $3,086.22 | 2/1/2011 | Pay in full on effective date |
| 2053-011-030 | $357,605.00 | $4,459.69 | $2,229.85 | $2,229.84 | 2/1/2011 | Pay in full on effective date |
| 2053-001-031 | $469,813.00 | $5,743.53 | $2,871.77 | $2,871.76 | 2/1/2011 | Pay in full on effective date |
| 2053-001-032 | $306,972.00 | $2,884.56 | $1,942.29 | $1,942.47 | 2/1/2011 | Pay in full on effective date |
| 2053-001-033 | $346,961.00 | $4,338.77 | $2,169.39 | $2,169.38 | 2/1/2011 | Pay in full on effective date |
| 2053-001-034 | $725,959.00 | $8,696.91 | $4,348.46 | $4,348.45 | 2/1/2011 | Pay in full on effective date |
| 2053-001-035 | $795,282.00 | $9,496.25 | $4,748.13 | $4,748.12 | 2/1/2011 | Pay in full on effective date |
| 2053-001-036 | $581,781.00 | $7,037.13 | $3,518.57 | $3,518.56 | 2/1/2011 | Pay in full on effective date |
| 2053-001-037 | $437,501.00 | $5,438.79 | $2,719.40 | $2,719.39 | 2/1/2011 | Pay in full on effective date |
| 2053-001-038 | $498,435.00 | $6,018.51 | $3,009.36 | $3,009.25 | 2/1/2011 | Pay in full on effective date |
| 2053-001-039 | $553,408.00 | $6,713.36 | $3,356.68 | $3,356.68 | 2/1/2011 | Pay in full on effective date |
| 2053-001-040 | $547,099.00 | $6,634.69 | $3,317.35 | $3,317.34 | 2/1/2011 | Pay in full on effective date |
| 2053-001-041 | $354,914.00 | $4,429.11 | $2,214.56 | $2,214.55 | 2/1/2011 | Pay in full on effective date |
| 2053-001-042 | $467,121.00 | $5,712.50 | $2,856.50 | $2,856.24 | 2/1/2011 | Pay in full on effective date |
| 2053-001-043 | $304,290.00 | $3,854.08 | $1,927.05 | $1,927.03 | 2/1/2011 | Pay in full on effective date |
| 2053-001-044 | $344,279.00 | $4,308.34 | $2,154.18 | $2,154.16 | 2/1/2011 | Pay in full on effective date |
| 2053-001-045 | $723,267.00 | $8,665.86 | $4,332.94 | $4,332.92 | 2/1/2011 | Pay in full on effective date |
| 2053-001-046 | $792,702.00 | $9,466.44 | $4,733.23 | $4,733.21 | 2/1/2011 | Pay in full on effective date |
| 2053-001-047 | $581,817.00 | $7,043.98 | $3,517.49 | $3,517.49 | 2/1/2011 | Pay in full on effective date |
| 2053-001-048 | $576,444.00 | $6,973.02 | $3,486.50 | $3,486.50 | 2/1/2011 | Pay in full on effective date |
| 2053-001-049 | $362,979.00 | $4,520.69 | $2,260.35 | $2,260.34 | 2/1/2011 | Pay in full on effective date |
| 2053-001-050 | $552,473.00 | $6,696.61 | $3,348.31 | $3,348.30 | 2/1/2011 | Pay in full on effective date |

**total due:**    $68,148.20

## C.   Classified Claims and Interests

### 1.   Classes of Secured Claims

Secured claims are claims secured by liens on property of the estate. The following chart lists all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|--------|-------------|----------------|----------------|-----------|
| 1. | Secured Claim of:<br>● Name = Montecito Bank and Trust<br>● Collateral description = Construction Deed of Trust<br>● Collateral value = $10,775,000.00 "as-is" $25,000,000 after completion of the tenant improvements for the Mariner Lease.<br>● Priority of security int. = 1st Position lien<br>● Principal owed = $9,000,000.00<br>● Pre-pet. arrearage amount = $257,031.20<br>● Post-pet. arrearage amount =$138,062.50<br>● Total claim amount = $9,395,093.75 | N | Impaired; claims in this class are entitled to vote on the Plan. | ● Pymt Interval      = lump<br>● Pymt amt/interval = $7,891,851.50<br>● Begin date         = Effective Date, or as soon as practicable thereafter<br>● Interest rate %     = N/A<br>● Total payout 87%   = $7,891,851.50 of principal claim $324,000 from Santa Barbara Action. = Aggregate payout of **$8,215,851.50**<br>● Treatment of Lien   = Restructure of Debt, 87% of Principal claim, less $324,000 recovered in Santa Barbara Action. |

### 2.   Classes of Priority Unsecured Claims

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), and (6) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

The following chart lists all classes containing Debtor's 507(a)(3), (4), (5), and (6),priority unsecured claims and their treatment under this Plan: **None.**

### 3.    Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a).  The following chart identifies this Plan's treatment of the class containing all of Debtor's general unsecured claims:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 2 | Roger W Meyer $4,600,000.00 | Impaired; claims in this class are entitled to vote on the Plan. | Restructure of Claim to 65% of Claim = $3,000,000 No payout.  Retaining Restructure of ownership to 50% Ownership interest in Center Court Partners, LLC Interest Rate % N/A |
| 3 | Opal Meyer Survivor's Trust $1,400,000.00 | Impaired; claims in this class are entitled to vote on the Plan. | Restructure of Claim to 87% of Claim to $1,218,000.00 Payout Payout at Commencement of Mariner Lease per Plan Interest Rate % N/A |
| 4 | City Lights Financial Express, Inc. $148,000.00 | Impaired; claims in this class are entitled to vote on the Plan. | Restructure of Debt to 87% of claim to $128,760.00 Payout Payout at Commencement of Mariner Lease per Plan Interest Rate % per Note as approved |
| 5 | Johnson Mueller Architects | Not impaired; claims in this class are not entitled to vote on the Plan, class has deemed to have accepted the plan. | No restructure of Debt $65,000.00 Payout Payout at plan effective date as continuing support is needed to move forward with the TI Construction |

### 4.    Class(es) of Interest Holders

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. The following chart identifies this Plan's treatment of the class of interest holders:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 6 | Roger W. Meyer – 91.5% Ownership Center Court Partners, LLC | Impaired; All claims of the equity interest in Center Court Partners, LLC shall be reduced commensurate to the confirmation of the Plan in reference to Change of Ownership, City Lights Financial Express, Inc. as 50% Owner and 50% divisible by current ownership percentages. | Ownership % Reduction |
| 7 | Karen Meyer – 8.5% Ownership of Center Court Partners, LLC | Impaired; All claims of the equity interest in Center Court Partners, LLC shall be reduced commensurate to the confirmation of the Plan in reference to Change of Ownership, City Lights Financial Express, Inc. as 50% Owner and 50% divisible by current ownership percentages. | Ownership % Reduction |

### D.    Means of Performing the Plan

#### 1.    Funding for the Plan

The Plan is a reorganization plan and contemplates the continuation of the DIP's business, including the development of the Tenant Improvements (the "T.I.'s") property to accommodate the executory lease (the "Mariner Lease") by AH Healthcare Realty, LLC, whose parent company guarantor is Mariner Health Care, Inc. ( collectively "Mariner")  The Plan contemplates that City Lights Financial Express, Inc.

("CITYLIGHTS"), as an investor, will acquire fifty (50%) percent of Center Court

Partners, LLC and become the managing member and 50% owner of the company in

exchange for the infusion of two million one hundred thousand dollars ($2,100,000) in

additional cash. DIP contemplates the execution of the proposed twelve million dollar

($12,000,000) construction loan with one Lending Facility, currently Preferred Bank,

together with the cash capital infusion of two million one hundred thousand dollars

($2,100,000) from City Lights, an aggregate amount of fourteen million one hundred

thousand dollars ($14,100,000) to fund the Plan.  These funds combined will provide a

proposed 60 day exit strategy for the only secured creditor, Montecito Bank and Trust

("MONTECITO") and sufficient funding for the TI's necessary to complete the Mariner

Lease.  These funds will further be appropriated to pay administration expenses,

priority and tax payments, cure payments, real estate taxes and working capital.

   The success of the Plan is largely dependent on the funding of the Plan.

The Plan contemplates the major creditors, secured and unsecured, taking a

restructuring/reduction of their claims against the DIP, in order to meet the necessary

results. Firstly, MONTECITO would receive seven million eight hundred thirty thousand

dollars ($7,830,000), 87% of their claim, in exchange for a full reconveyance of the

Deed of Trust against the Property and satisfaction of the associated Loans, in addition,

termination and release of the Continuing Guarantee of Roger Meyer in exchange for

the three hundred twenty four thousand dollars ($324,000) being held under the

Prejudgment Writ of Attachment in the Santa Barbara Action, in which case it would be

resolved or dismissed, an aggregate total to MONTECITO of eight million one hundred

fifty four thousand dollars ($8,154,000).   MONTECITO has already received one

million, four hundred sixty seven thousand, eight hundred twenty one dollars

($1,467,821) in interest, and two hundred fourteen thousand two hundred fifty dollars

and forty one cents ($214,250.41) in principal through September 27, 2010 on the

Construction Loan.  The restructuring of MONTECITO's claim by a reduction of principal

in the amount of one million one hundred seventy thousand dollars ($1,170,000), and

MONTECITO recovering the three hundred twenty four thousand ($324,000) from the

Santa Barbara action, MONTECITO nets six hundred twenty two thousand eight

hundred twenty one dollars ($622,821) on the Loan. Montecito will not have suffered a

principal net loss.

Roger Meyer, Managing Member of Center Court Partners, LLC (the DIP), would

stipulate to a 35% reduction of his claimed four million six hundred thousand dollars

($4,600,000), reducing his claim to three million dollars ($3,000,000) and retaining 50%

ownership of Center Court Partners, LLC and foregoing any pay out to retain said

ownership. Opal Meyer Survivor's Trust's would stipulate to a 13% reduction of its

unsecured claim of one million four hundred thousand dollars ($1,400,000), rendering a

balance of one million two hundred eighteen dollars ($1,218,000) which the Trust will

take, upon confirmation of the plan, a note that shall be subordinate to the construction

financing will be presented in place of payment. The Projected Net Revenue available

will be mildly affected by market conditions, competition, cost of funds, cost of materials

and labor, absorption rates, governmental regulations and other such risks as are

customarily attendant to the real estate development business. To the extent that any

or all of these conditions and risks come into play, they will be minimized by the anchor

Tenant's financial stability and ability to commence the lease as agreed for the first

twenty (20) years. DIP foresees no adverse conditions that would affect or diminish the

viability of the Plan, the Project, and the likelihood of success provided the Tenant's

needs are met.

The proposed budget for improvement to the property to satisfy the required

Tenant Improvements for the Mariner Lease is projected at five million nine hundred

and one thousand dollars ($5,901,000).

| New funds | $14,100,000 |
| Montecito | -$ 7,830,000 |
| Architects | -$     65,000 |
| TI's | -$ 5,901,000 |

Balance          $    304,000          remaining to pay administration expenses,
priority and tax payments, cure payments, real
estate taxes and working capital.

2.      **Post-Confirmation Management:**

1.  City Lights Financial Express, Inc., Mortgage Banker.

    (a) Offices located at 29134 Roadside Drive, Ste #106, Agoura Hills, CA

        91301, Managing Member of Center Court Partners, LLC, 50%

        Owner.

    (b) To manage, oversee, and control all day-to-day operations of Center

        Court Partners, LLC, working with Roger W. Meyer on the project

        development.

    (c) Post-petition compensation, None.

    (d) City Lights Financial Express, Inc. has been in the Retail and Private

        Mortgage and Lending business since 1995.  Recently designated

        as a Mortgage Banker with a multitude of lending authorities, and

        lending facilities.  City Lights Financial Express, Inc. is

        owner/operator of commercial and residential properties throughout

        California, Nevada and Arizona.


2.  Roger W. Meyer, Member, Center Court Partners, LLC

    (a) Member

    (b) To participate in day-to-day operation of Center Court Partners,

        LLC; Project developer of the property and will manage the Tenant

        Improvement construction project.

    (c) Post petition compensation, None.

    (d) Roger W. Meyer is a licensed General Contractor, Developer,

        Property Owner/manager since 1974.  He has developed hundreds

        of projects in residential and commercial throughout California

CCP.032511                          11

during his career.   He managed the development of Center Court Plaza, the asset subject of this Action.

**3.     Disbursing Agent**   City Lights Financial Express, Inc. shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan.  The Disbursing Agent shall serve without bond and shall receive <u>no compensation</u> for distribution services rendered and expenses incurred pursuant to the Plan.  A Fund will be established and maintained in a segregated interest-bearing account created under the Plan.

## III.

## TREATMENT OF MISCELLANEOUS ITEMS

**A.    Executory Contracts and Unexpired Leases**

**1.    Assumptions**

The following are the unexpired leases and executory contracts to be assumed as obligations of the reorganized Debtor under this Plan (see Exhibit A for more detailed information on unexpired leases to be assumed and Exhibit B for more detailed information on executory contracts to be assumed):

Unexpired Leases:

1.  AH Healthcare Realty, LLC, a subsidiary of Mariner Healthcare, Inc.

2.  Dr. Anita Pakula, M.D.

3.  Lab West, Inc.

Executory Contracts

1.  Aid Alert Security

2.  American Janitorial Services

3.  AT&T

CCP.032511                                    12

4. Farmers Insurance

5. JRM Equities

6. Las Virgenes Water District

7. Southern CA Edison

8. Southern CA Gas Co.

9. ThyssenKrupp Elevator Corp.

10. Vacco HVAC

11. Waste Management GI Ind.

On the Effective Date, each of the unexpired leases and executory contracts listed above shall be assumed as obligations of the reorganized Debtor.  The Order of the Court confirming the Plan shall constitute an Order approving the assumption of each lease and contract listed above.  If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Section {I.B.3.} of the Disclosure Statement describing this Plan for the specific date.

**2.    Rejections**

On the Effective Date, the following executory contracts and unexpired leases will be rejected:  None proposed.

The order confirming the Plan shall constitute an order approving the rejection of the lease or contract.  If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.  See Disclosure Statement for the specific date.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS   None Set  .

Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**B.      Changes in Rates Subject to Regulatory Commission Approval**

This Debtor   **is not** subject to governmental regulatory commission approval of its rates.

**C.      Retention of Jurisdiction**

The Court will retain jurisdiction to the extent provided by law.

**EFFECT OF CONFIRMATION OF PLAN**

**A.      Discharge**

This Plan provides that upon confirmation of the Plan, Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C. § 1141.  However, any liability imposed by the Plan will <u>not</u> be discharged.

**B.      Revesting of Property in the Debtor**

Except as provided in Section {IV.E.}, and except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtor.

**C.      Modification of Plan**

The Proponent of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on the Plan if proponent modifies the plan before confirmation.

The Proponent of the Plan may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated <u>and</u> (2) if the Court authorizes the proposed modifications after notice and a hearing.

**D.      Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the Plan, Plan Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan.  The status report shall be served on the United

States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

**E.      Quarterly Fees**

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the plan. Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

**F.      Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

**G.      Final Decree**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan Proponent, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Date: _JUNE 20, 2011_

_____
Signature of Party

CCP.032511                                     15

1    CENTER COURT PARTNERS, LLC, a California Limited Liability company

2    Name of Plan Proponent

3    

4    Signature of Attorney for Plan Proponent

5    

6    Martin D. Gross

7    

8    Law Office of Martin D. Gross

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    CCP.032511                              16

## EXHIBIT A – UNEXPIRED LEASES TO BE ASSUMED

| <u>**LEASES**</u> | <u>**ARREARS/DMGS**</u> | <u>**METHODS OF CURE**</u> |
|---|---|---|
| ● Description = first floor Medical use condos, 29501 Canwood St, Agoura Hills, CA 91301<br><br>● Lessor's name = Center Court Partners, LLC<br><br>● Lessee's name = AH Healthcare Realty, LLC<br><br>● Expiration date = Jan 2031 | ● Default amt = None<br>● Actual pecuniary loss = None | ● Means of assuring future performance = Completing Tenant Improvements |
| ● Description = Medical Use Condo, 29501 Canwood St, Agoura Hills, CA 91301<br><br>● Lessor's name = Center Court Partners, LLC<br><br>● Lessee's name = Dr. Pakula, MD<br><br>● Expiration date = March 2014 | ● Default amt = None<br>● Actual pecuniary loss = None | ● Means of assuring future performance = performance guaranteed |
| ● Description = Medical Use Condo, 29501 Canwood St, Agoura Hills, CA 91301<br><br>● Lessor's name = Center Court Partners, LLC<br><br>● Lessee's name = Lab West, Inc.<br><br>● Expiration date = April 2014 | ● Default amt = None<br>● Actual pecuniary loss = None | ● Means of assuring future performance = Performance guaranteed |

## EXHIBIT B – EXECUTORY CONTRACTS TO BE ASSUMED

| Executory Contract | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total in Due | Method of Cure |
|---|---|---|---|---|---|
| Aid Alert Security | every three months | 130 | 0 | 0.00 | Not in Default |
| Amer. Janitorial Services | monthly | 150 | 1 | 150.00 | Pay in full once Cash Collateral is approved |
| AT&T | monthly | 154.23 | 2 | 308.46 | Pay in full once Cash Collateral is approved |
| Farmers Insurance | bi-annually | 4656 | 0 | 0.00 | Not in Default |
| JRM Equities-landscape | monthly | 550 | 0 | 0.00 | Not in Default |
| JRM Equities-property | monthly | 2000 | 0 | 0.00 | Not in Default |
| Las Virgenes Water Dist. | monthly | 700 | 0 | 0.00 | Not in Default |
| Southern CA Edison | monthly | 950 | 1 | 715.32 | Pay in full once Cash Collateral is approved |
| Southern CA Gas Co. | monthly | 300 | 0 | 0.00 | Not in Default |
| ThyssenKrupp Elevator | monthly | 491 | 2 | 981.04 | Pay in full once Cash Collateral is approved |
| Vacco HVAC | monthly | 240 | 0 | 0.00 | Not in Default |
| Waste Management | monthly | 226 | 0 | 0.00 | Not in Default |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | TOTAL DUE: | 2,154.82 | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

2001 Wilshire Blvd. Suite 205
Santa Monica, CA 90403

A true and correct copy of the foregoing document described as **Original Chapter 11 Plan**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 20,  2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Katherine A. Bunker, kate.bunker@usdoj.gov
Ashleigh A Danker, adanker@kayescholer.com
Melissa J Fassett, mjf@ppplaw.com
United States Trustee (SV)  ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **June 20, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Maureen A. Tighe**
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 325
Woodland Hills, CA 91367

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 19, 2011,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6-20-11 | Martin D. Gross | /s/ Martin D. Gross |
|---------|-----------------|---------------------|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                    **F 9013-3.1.PROOF.SERVICE**